CHARLES W. LANDO, Appellant, *v.* MURRAY'S TRUCKING CORPORATION, Defendant, Impleaded with IRVING D. ROSENBERG and MORRIS D. ROSENBERG, Individually and as Copartners Doing Business as JUDITH SPORTSWEAR Co., and Others, Respondents.

First Department, February 16, 1940.

*Aaron Lipper* of counsel [*Downey, Lipper Shinn & Keeley*, attorneys], for the appellant.

*Rudolph L. Cherurg* of counsel [*Jacques Lederman* with him on the brief], for the respondents.

O'MALLEY, J.   Plaintiff sustained serious injuries by coming into collision with a hand or piece goods truck on the northerly sidewalk of West Thirty-seventh street in the city of New York on March 30, 1938.   His evidence established *prima facie* liability against the operator or operators of the truck.   On the trial the chief issue litigated was whether the truck was in possession and control of the infant defendant Zeifman, an employee of defendants Rosenberg. Plaintiff identified Zeifman as one of two persons who were operating the truck.   There was a discontinuance at the close of plaintiff's case as to defendant Murray's Trucking Corporation, the name under which Murray Rosenberg, a brother of the defendants Rosenberg, was carrying on business.

Defendants' evidence tended to show that the truck was owned and in control of an employee of one William Rothlein and that the defendant Zeifman was accompanying the truck merely for the purpose of directing Rothlein's employee to the place where it was to be taken.   Zeifman himself so testified.   The case was tried without a jury and the trial justice directed a verdict for the defendants.

The newly-discovered evidence relied upon is to the effect that about three weeks after the accident the defendant Zeifman and Murray Rosenberg, a brother of and an employee of the defendants Rosenberg, both signed a written statement on behalf of an insurance company which had issued a policy of liability insurance to the defendant Murray's Trucking Corporation.   The statement consisted of three pages, written in longhand, each page of which was signed by the defendant Zeifman and Murray Rosenberg.   At the end of the statement, defendant Zeifman signed his name under the following: " I read the statement on pages 1–2 3– and it true & correct.   I am employed by the Judith Spt. Co. 148 W. 37 St. N. Y. C."

Judith Sportswear Co. was one of the concerns under which defendants Rosenberg were doing business.

This statement was to the effect that the hand truck in question was owned by Murray's Trucking Corporation, and was in charge

of and being operated at the time of the accident by the defendant Zeifman and Murray Rosenberg. As both were employees of defendants Rosenberg and engaged in defendants' business and acting within the scope of their employment at the time of the accident, it is immaterial that the truck was not owned by the defendants.

The existence of this statement and of its contents was unknown to the plaintiff at the time of the trial and could not have been discovered in the exercise of reasonable diligence. It meets the requirements, therefore, of the rule relating to newly-discovered evidence. Even if this were not so, the court has inherent power to grant a new trial when the ends of justice require. Here, there is reasonable ground for believing that the verdict was obtained by fraud and misrepresentation. In the circumstances, the ends of justice certainly require that a new trial be ordered. (*Amalfi* v. *Post & McCord, Inc.*, 250 App. Div. 408; *Frohlich* v. *Zeltzer*, 185 id. 103.)

We have considered the affidavits submitted in opposition and find nothing therein that would lead to a contrary conclusion. The facts relied upon to defeat the motion may be offered in explanation on the new trial.

It follows that the order denying plaintiff's motion for a new trial upon the ground of newly-discovered evidence, and consequently the judgment appealed from, should be reversed, and the motion granted, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment and order unanimously reversed and motion for a new trial granted, with costs to the appellant to abide the event.