■ I. APPEL CORP., Respondent, v CROCKER COMMERCIAL SERVICES, INC., Appellant.—Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about July 30, 1987, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for leave to amend its complaint, unanimously reversed, on the law and the facts, defendant's motion for summary judgment dismissing the complaint granted and leave to amend the complaint denied without costs.

On or about May 17, 1979 plaintiff and the defendant entered into a factoring agreement pursuant to which defendant purchased all of the "receivables" (accounts, notes, bills, acceptances or other forms of obligation) which arose from plaintiff's sale of merchandise. Payments for merchandise were to be sent directly to the defendant or forwarded by plaintiff to the defendant. This lawsuit grows out of plaintiff's assertions that the defendant failed to properly credit the receivables.

Paragraph 5 of the May 17, 1979 agreement provided in part that defendant would render an accounting to plaintiff which reflected the receivables purchased, credits issued to customers, and other information "about the fifteenth day of each calendar month." Paragraph 5 stated further that, "Each account rendered shall be deemed acceptable to and binding upon us [plaintiff] unless we give you written notice of any exception thereto within thirty (30) days after your rendition thereof." Paragraph 7 of the agreement provided in part that, "No delay or failure on your part [defendant] in exercising any right, privilege or option hereunder shall operate as a waiver of such right, privilege or option and no waiver whatsoever shall be valid unless in writing signed by you and then only to the extent therein set forth."

The parties therefore provided that any claim of mistake be made within 30 days of the monthly accounting and that any waiver of the time period be in writing. While plaintiff claims that it made repeated oral objections to the accountings, specific written objections to the claims made in this lawsuit are lacking and no written waivers by the defendant have been produced. The court cannot rewrite the agreement of the parties. Leave to amend the complaint is denied because the proposed amended complaint, while containing some changes from the original complaint, still alleges causes of action for negligence, intentional tort, misrepresentation, an accounting, breach of contract, and punitive damages, all of which must

be dismissed in light of the May 17, 1979 agreement. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.