■ CONGRESS TALCOTT CORPORATION, Respondent, v DAMINO ACCESSORIES, INC., et al. Appellants.—Order and judgment, Supreme Court, New York County (Harold Tompkins, J.), entered April 12, 1989 and May 26, 1989, respectively, which, *inter alia,* granted plaintiff's motion for summary judgment on the first and third causes of action in the complaint, and awarded a total sum of $168,241.65 thereon, unanimously affirmed, without costs.

Plaintiff, Congress Talcott Corporation (Congress), by its predecessor in interest, James Talcott Factors, Inc., entered into a written factoring agreement on May 17, 1983 with defendant Damino Accessories, Inc. (Damino). Pursuant to the terms of the agreement, Congress purchased Damino's accounts receivable on the sale of merchandise, and began to collect them directly. Damino was charged a commission on each account for Congress' factoring services.

On the same date that the factoring agreement was executed, defendant Nathan Brach, secretary to Damino, provided Congress with his unconditional personal guarantee of "all sums which may be presently due and owing and of all sums which shall in the future become due and owing to [Congress] from [Damino], whether under said Factoring Agreement or any other agreement or otherwise". The guarantee further provided that Congress' "books and records showing the account * * * shall be admissible in any action or proceeding, shall be binding upon [Brach] for the purpose of establishing the items therein set forth and shall constitute prima facie proof thereof".

Under the factoring agreement, Congress was to issue to

Damino monthly account statements indicating opening and closing balances for the prior month, as well as that month's debits, credits, advances, and other account information. Any dispute concerning the monthly account statements was to be specifically objected to in writing within 30 days of the accounting, and the failure to so object would render the accounting fully binding on Damino. It is undisputed that no such written objections to the monthly account statements were ever rendered by Damino.

By summons and complaint separately served upon the defendants in January 1988, the instant action was commenced. In October 1988, Congress moved for summary judgment pursuant to CPLR 3212, and defendants cross-moved in December 1988 to obtain discovery and compel an examination before trial. By decision and order dated March 8, 1989 and April 6, 1989, respectively, Congress' motion for summary judgment was granted on the first and third causes of action in the verified complaint, and judgment in the total amount of $168,241.65 was awarded. The second and fourth causes of action were severed and set down for an inquest to determine attorneys' fees and any other amounts due and owing. We affirm this determination.

Pursuant to paragraph 9 of the factoring agreement, the account rendered by Congress was deemed binding upon defendants unless written notice was timely provided. In light of defendants' failure to interpose objections in accordance therewith, the monthly account statements became binding upon them, irrespective of any oral objections claimed to have been raised *(Appel Corp. v Crocker Commercial Servs.,* 146 AD2d 472, *lv denied* 74 NY2d 608, *rearg granted and order vacated on other grounds* 155 AD2d 331), and Congress was entitled to summary judgment. Unlike the facts and circumstances in *James Talcott, Inc. v United States Tel. Co.* (52 AD2d 197), relied upon by defendants, this case does not raise bona fide issues of fact with respect to the amounts in question. Concur —Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.