■ I. APPEL CORP., Respondent, v CROCKER COMMERCIAL

SERVICES, INC., Appellant.—Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 5, 1990, denying defendant's motion for summary judgment, unanimously affirmed, with costs. This court's order on a prior appeal (146 AD2d 472), held in abeyance by reason of our order of November 16, 1989 on the reargument motion (155 AD2d 331), is now vacated, with costs.

In a 1979 factoring agreement, defendant contracted to handle plaintiff's accounts receivable, and to render monthly accounting statements. Plaintiff agreed that these statements would be deemed acceptable and binding unless excepted to in writing within 30 days. The agreement further provided that the requirement for written exception within 30 days, as with other rights of defendant, could not be waived unless in writing.

Alleging numerous oral objections to defendant concerning the latter's bookkeeping in rendering the monthly accounting statements, plaintiff commenced this action in 1982, claiming damages of $350,000. Defendant's motion for summary judgment was denied in 1986, but this court reversed (146 AD2d 472, *supra, lv denied* 74 NY2d 608), citing the strict requirement in the agreement that exceptions or waivers be in writing. While the motion for leave was pending in the Court of Appeals, plaintiff fortuitously discovered evidence purportedly constituting written objections. On a subsequent motion to vacate judgment (CPLR 5015 [a] [2] ), the IAS court deferred to the Appellate Division, where summary judgment had recently been awarded to defendant. We granted reargument to the extent of remanding to the IAS for consideration of the newly discovered evidence. Defendant now appeals IAS' denial of its second summary judgment motion.

We accept the explanation that reasonable diligence had failed to uncover this newly discovered evidence at the time of the first summary judgment motion *(Lando v Murray's Trucking Corp.,* 258 App Div 616). Whether the copies of the two statements in question, purportedly returned to defendant annotated with plaintiff's written exceptions, are genuine, is a matter properly for a finder of fact at trial *(Reoux v First Natl. Bank,* 16 AD2d 543, 547). Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.