■ RAHAMIN TALBI, Respondent, v ZCWK ASSOCIATES et al., Appellants.

In June of 1989, the plaintiff purchased a one bedroom condominium apartment for $214,500 from the defendants. The Offering Plan specified that the purchase was "as is" and that the purchaser was to notify the Sponsor of any defects in the construction of the unit, discovered upon inspection prior to the closing date, in an Inspection Statement. The Offering Plan and purchase agreement further provided for acceptance of the apartment without obligation of the Sponsor to make repairs on any portion of the unit not specifically listed in the Inspection Statement. With regard to latent defects which the Offering Plan defined as defects which are "not visually ascertainable," the Sponsor was to remain responsible for such defects if notified by certified mail within three months after the closing date.

According to a "[w]ork order sign-off sheet", the plaintiff inspected his unit on June 7, 1989 and, with the exception of two items, the replacement of a HVAC grill and handles on a cabinet, which the Sponsor subsequently repaired, accepted his apartment and indicated that it was "in good condition and in accordance with the Offering Plan." the plaintiff thereafter instituted this action seeking rescission of the contract and damages for breach of contract and fraud. In the com-

plaint, plaintiff alleged that the "condominium has had defects" which the defendants refused and/or have been unable to rectify.

The defendants moved to dismiss the first cause of action, on the ground that a defense was founded on documentary evidence, and the second cause of action, for failure to plead the circumstances of the alleged fraud with particularity. Counsel for the plaintiff, in an affirmation in opposition, asserted that there were defects in the apartment, consisting of green water, a crooked wall in the living room and windows which did not function properly, and that such defects were latent since they could not have been discovered upon a walk-through inspection.

The Supreme Court denied the defendants' motion to dismiss the breach of contract cause of action but granted the defendants' motion with respect to the fraud claim, with leave to serve an amended complaint setting forth with more specificity the circumstances constituting the fraud. We agree with the defendants that it was error to deny their motion to dismiss the first cause of action pursuant to CPLR 3211 (a) (1) since the Offering Plan and purchase agreement definitively disposed of the plaintiff's claim (*Juliano v McEntee,* 150 AD2d 524; *Greenwood Packing Corp. v Associated Tel. Design,* 140 AD2d 303).

The Offering Plan and the purchase agreement reveal that the apartment was purchased "as is" and that only repairs listed by the purchaser on an Inspection Statement would become the Sponsor's responsibility. The minor items listed by the plaintiff on the statement were repaired. The green water, crooked wall and malfunctioning windows, alleged to be latent defects by counsel for the plaintiff, who failed to set forth a basis for her knowledge, were not latent, as defined in the parties' agreement, but rather, were visually ascertainable upon inspection. Contrary to the conclusion reached by the Supreme Court, the term "visually ascertainable", given its "fair and reasonable meaning" (*Heller v Pope,* 250 NY 132, 135, cited in *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555), is not so vague as to require the denial of the defendants' motion. We further note that there is nothing in the record to demonstrate that the plaintiff complied with the Plan's requirement that notice of alleged latent defects be sent to the Sponsor by certified mail within three months after closing.

Accordingly, since the purported defects were not listed on the Inspection Statement as required by the Offering Plan, the

defendants were not responsible for their repair. It was, therefore, error to deny the defendants' motion to dismiss the first cause of action based on documentary evidence. Concur— Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.