█ James K. Dow, Respondent, v Glenn S. Meyers, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs, motion granted, and fourth and fifth causes of action dismissed. Memorandum: Defendant contends that plaintiff's fourth and fifth causes of action, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO; 18 USC § 1962 [c], [d]), should be dismissed because plaintiff failed to plead sufficiently a pattern of racketeering activity, mail fraud and wire fraud. We agree.

To plead sufficiently a pattern of racketeering activity (18 USC § 1961 [5]), a plaintiff must allege at least two predicate acts that "amount to, or * * * otherwise constitute a threat of, *continuing* racketeering activity" *(H.J. Inc. v Northwestern Bell Tel. Co.,* 492 US 229, 240). When alleging a closed-end enterprise, as in this case, a plaintiff must allege "a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct" *(H.J. Inc. v Northwestern Bell Tel. Co., supra,* at 242). Although there is no per se rule defining "a substantial period of time", there has been "[n]o case * * * in which predicate acts spanning less than a year, in a closed-end scheme, satisfie[s] the continuity requirement" *(Johnston v*

*Wilbourn,* 760 F Supp 578, 588, n 16). In this case, although plaintiff alleges, in conclusory fashion, a pattern of fraudulent acts extending over a period of two years, he has alleged specific acts that occurred over only a six-month period. Plaintiff thus failed to plead sufficient continuing racketeering activity.

In addition, plaintiff failed to plead, with sufficient particularity, the alleged predicate acts giving rise to his RICO causes of action. For predicate acts, plaintiff relies on a single securities transaction and "numerous acts * * * relating to mail fraud and wire fraud" *(see,* 18 USC § 1961 [1] [B], [D]). In alleging mail and wire fraud, plaintiff failed to "specify the time, place, manner, and content of the allegedly fraudulent mailings and communications" *(O'Brien v National Prop. Analysts Partners,* 719 F Supp 222, 230). In the absence of such detail, plaintiff's causes of action cannot stand *(see, Hutton v Klabal,* 726 F Supp 67, 72).

In light of our conclusion that the fourth and fifth causes of action must be dismissed because they are not sufficiently pleaded, we do not address defendant's contention that, in this case, RICO is unconstitutionally void for vagueness. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Dismiss Complaint.) Present—Callahan, J. P., Boomer, Pine, Lawton and Fallon, JJ.