■ JAMES FEKETY et al., Appellants, v GRUNTAL & Co., INC., et al., Respondents. [595 NYS2d 190] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 6, 1992, which, insofar as appealed from, granted defendants' motion to dismiss the complaint to the extent of dismissing the first cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO; 18 USC § 1961 *et seq.)* with prejudice, and the fifth cause of action for common law fraud with leave to replead, and denied plaintiffs' cross-motion for leave to amend the complaint so as to add causes of action for violation of fiduciary duty, unanimously affirmed, with costs.

The seven elements constituting a RICO claim *(see, Moss v Morgan Stanley* 719 F2d 5, 17, *cert denied sub nom. Moss v*

*Newman,* 465 US 1025) must be pleaded with particularity *(Dow v Meyers,* 182 AD2d 1128, 1129). This plaintiffs failed to do with respect to their claim of violation of section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]; *see, Ernst & Ernst v Hochfelder,* 425 US 185), and thus no predicate act sufficient to support a RICO claim was shown. We also agree with the IAS Court that plaintiffs failed to allege the requisite continuity of racketeering activity *(see, Airlines Reporting Corp. v Aero Voyagers,* 721 F Supp 579, 584-585), and that the claim for common law fraud was not pleaded with sufficient particularity (CPLR 3016 [b]; *see, Flickinger v Brown & Co.,* 947 F2d 595, 599). The amendments plaintiffs proposed for breach of fiduciary duty were properly denied as plainly without merit since a broker does not, in the ordinary course of business, owe a fiduciary duty to a purchaser of securities *(see, Rush v Oppenheimer & Co.,* 681 F Supp 1045, 1055). Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.