■ RUTH PERL, Respondent, v SMITH BARNEY INC., Appellant. [646 NYS2d 678] —Order of the Supreme Court, New York County (Walter Schackman, J.), entered October 20, 1995, which denied a motion by defendant Smith Barney, Inc. seeking, *inter alia*, dismissal of the amended complaint pursuant to CPLR 3211 (a) (7), is unanimously reversed, on the law, without costs or disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff is a California resident who brought this purported class action against defendant brokerage because she was charged an "Asset Transfer Fee" of $50 each when she closed two brokerage accounts with defendant, one opened in 1990 and the other opened in May or July of 1994. Plaintiff alleges the fee was charged without adequate notice to or the consent of plaintiff and the other members of the class. The amended complaint alleges four causes of action for breach of contract, common law fraud, breach of fiduciary duty and a declaratory judgment, seeking to recover the Asset Transfer Fee on behalf of herself and those whose brokerage accounts were improperly assessed and a declaration that such charge is improper and cannot be imposed upon persons currently maintaining accounts with defendant.

The IAS Court erred when it denied the motion by defen-

dant seeking to dismiss the amended complaint. "Although on a motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and are accorded every favorable inference, where as here, the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to such consideration." (*Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692.)

The contract plaintiff executed when opening the 1994 account specifically incorporated by reference an account booklet which expressly authorized the imposition by defendant of the challenged $50 transfer fee. "The clear and unambiguous language contained in the documents relied on by the moving parties established not only the existence of fee schedules for the defendant depository institutions but defendants' entitlement to charge a service fee" (*Gephardt v Morgan Guar, Trust Co.*, 191 AD2d 229, *lv denied* 82 NY2d 656). Plaintiff's 1994 account agreement with Smith Barney and the accompanying account booklet containing the provision authorizing the $50 transfer fee both clearly provided that they were to be read in conjunction with the other and that plaintiff, in executing the brokerage account agreement, specifically assented to the imposition of the transfer fee as a term and condition of opening her account. "A contract can be comprised of separate writings or documents if the writings make it clear that they are to be read in conjunction with other writings to determine the intent of the parties." (*Dietrich v Chemical Bank*, 115 Misc 2d 713, 715, *affd* 92 AD2d 786.)

Likewise, with respect to the 1990 account, Smith Barney provided unambiguous notice through prominent disclosure on plaintiff's December 1992 statement that all accounts closing after February 15, 1993 would be subject to a $50 transfer fee. Plaintiff admitted receiving such advance notice on her December 1992 statement for the 1990 account which read: *"Important Administrative Notice.* Effective February 15, 1993, we will assess a $50 charge for any account closed when assets are transferred to another financial institution. This fee will cover related costs incurred by this transfer." (Emphasis in original.) "This prominent notice was sufficient as a matter of law to call plaintiff's attention and to bind plaintiff to those terms and conditions" (*David Fanarof, Inc. v Dember Constr. Corp.*, 195 AD2d 346, 347).

In addition, plaintiff's 1990 brokerage account with Smith Barney, in paragraph 12, and her 1994 brokerage account with

Smith Barney, in paragraph 4, both contained a contractually mandated ten-day period in which plaintiff was required to object to any disputed charges in writing or waive any objection. The record shows plaintiff made no effort to rebut Smith Barney's showing with respect to both accounts that plaintiff failed to object in writing within ten days of the imposition of the Account Transfer Fee, but in May of 1994 closed her 1990 account and transferred the account to Dean Witter, and in July of 1994 closed her 1994 account, also transferring this account to Dean Witter (*see, Talbi v ZCWK Assocs.,* 179 AD2d 475, 476; *Congress Talcott Corp. v Damino Accessories,* 166 AD2d 152, 153).

Further, plaintiff's causes of action for common law fraud and breach of fiduciary duty merely duplicate the breach of contract claim and should have been dismissed on that ground also. "[A] broker does not, in the ordinary course of business, owe a fiduciary duty to a purchaser of securities." (*Fekety v Grunthal & Co.,* 191 AD2d 370, 371.) The allegations in the complaint do not purport to assert a relationship different from that of an ordinary broker-client relationship. Thus, plaintiff's complaint itself refers to both her accounts with defendant as "standard Smith Barney brokerage accounts" and the plaintiff's documentation opening the accounts was for nondiscretionary accounts. Moreover, the causes of action for fraud and breach of fiduciary duty were not pleaded with the particularity required by CPLR 3016 (b) (*supra,* at 371). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.