157 F.3d 138
 Louis BISSELL, Jr., on behalf of himself and others
similarly situated, Plaintiff-Appellant,
v.
MERRILL LYNCH & CO., INC. and Merrill Lynch, Pierce, Fenner
& Smith, Inc., Defendants-Appellees.
 Docket 96-9137.
 United States Court of Appeals,
Second Circuit.
 Argued April 14, 1997.
Decided Sept. 29, 1998.
 
 Roger W. Kirby, Kaufman, Malchman, Kirby & Squire, New York City (Ira M. Press, of counsel), for Plaintiff-Appellant.
 Henry F. Minnerop, Brown & Wood, New York City (Cathleen M. Tiernan, Laurel J. Southworth, Daniel A. McLaughlin, of counsel), for Defendants-Appellees.
 Christopher Paik, Office of Chief Litigation Counsel, Securities & Exchange Commission, Washington, DC, for Amicus Curiae Securities & Exchange Commission.
 Before: WINTER, Chief Judge, FEINBERG, and PARKER, Circuit Judges.
 RALPH K. WINTER, Chief Judge:
 
 
 1
 Louis Bissell, Jr. appeals from Judge Schwartz's order denying his motion for class certification and dismissing his complaint for failure to state a claim. See Bissell v. Merrill Lynch & Co., Inc., 937 F.Supp. 237 (S.D.N.Y.1996).
 
 
 2
 The facts here are identical to those in Levitin v. Painewebber, Inc., 159 F.3d 698, No. 96-7994, 1998 WL 665039 (2d Cir.1998) but for two matters. The first difference is that instead of posting as collateral cash or securities other than those being sold short, Bissell traded "against the box." In trading "against the box," the customer posts as collateral shares he owns that are identical to or convertible into those being sold short. The second difference from Levitin is that Bissell was a large trader who was able to negotiate a remittance of the earnings realized by appellees on the shares he posted as collateral. He alleges, however, that only a portion of those earnings were remitted.
 
 
 3
 Neither difference is material, and we affirm for the reasons stated in Levitin.