■ In the Matter of DEAN WITTER MANAGED FUTURES LIMITED PARTNERSHIP LITIGATION. GEORGE YANG et al., Appellants, v MORGAN STANLEY DEAN WITTER, Respondent. [724 NYS2d 149] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 24, 2000, which granted defendant's motion to dismiss the consolidated second amended complaint, unanimously affirmed, without costs.

Plaintiffs, individual investors who purchased interests in limited partnerships engaged in the trading of futures and options contracts, allege that the Dean Witter brokers who sold them such units misrepresented the suitability of such investments for plaintiffs and a putative class of similarly situated conservative investors. To the extent the named plaintiffs have alleged with particularity that any broker made such misrepresentations to them, their causes of action for fraud and negligent misrepresentation are barred by the prospectuses for the limited partnerships, which prominently disclosed in plain language that the investments in question were "speculative," involved a "high degree of risk," and should be made only with funds the investor could afford to lose entirely. Such disclosures in the written offering materials rendered any reliance on alleged contradictory oral representations unjustifiable as a matter of law (*see, e.g., Brown v E.F. Hutton Group*, 991 F2d 1020, 1032-1033; *see also, Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v Salomon Bros. Intl.*, 249 AD2d 232). To the extent plaintiffs have alleged that they did not receive the prospectuses until after they made their investment decisions, such allegations are unavailing, since, in order to invest, each plaintiff was required to sign a subscription agreement representing, *inter alia*, that the investor had received the prospectus, and the instructions accompanying the subscription agreement form directed investors to "carefully read and review the Prospectus."

The motion court also correctly dismissed the cause of action for breach of fiduciary duty, since plaintiffs have not alleged that they had anything more than ordinary broker-client relationships with their Dean Witter brokers (*see, Perl v Smith*

*Barney*, 230 AD2d 664, 666, *lv denied* 89 NY2d 803; *Fekety v Gruntal & Co.*, 191 AD2d 370, 371). Finally, the cause of action under General Business Law § 349 was correctly dismissed on the ground that federally regulated securities transactions are outside the scope of that statute (*see,* General Business Law § 349 [d]; *Schwarz v Bear Stearns Cos.*, 266 AD2d 133; *Smith v Triad Mfg. Group*, 255 AD2d 962, 964). Concur—Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.