■ YOUM FESSEHA, on Behalf of Himself and All Others Similarly Situated, Appellant, v TD WATERHOUSE INVESTOR SERVICES, INC., et al., Respondents. [761 NYS2d 22] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 25, 2002, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The breach of contract claim was properly dismissed. When the statements in the Customer Agreement and the Truth in Lending Disclosure statement are read together and the relevant language is given its plain and ordinary meaning, it is clear that the parties unambiguously agreed to grant defendant TD Waterhouse the right to liquidate securities in plaintiff customer's account, even without notice, when TD Waterhouse deemed such action necessary for its own protection.

Plaintiff's claim that TD Waterhouse violated the covenant of good faith and fair dealing in liquidating his securities without notice and opportunity to cure was properly rejected. While the covenant of good faith and fair dealing is implicit in every contract, it cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights (*see Berzin v W.P. Carey & Co.*, 293 AD2d 320, 321 [2002]; *Delta Props. v Fobare Enters.*, 251 AD2d 960, 962 [1998]). Here, the Customer Agreement expressly granted TD Waterhouse the right to liquidate plaintiff's positions "when it deem[ed] it necessary for its protection" and nothing in the Truth in Lending Disclosure Statement limited that right.

Plaintiff's claim based on an alleged violation of General Business Law § 349 was properly dismissed since that statute is inapplicable to securities transactions (*see Matter of Dean Witter Managed Futures Ltd. Partnership Litig.*, 282 AD2d 271, 272 [2001]; *Schwarz v Bear Stearns Cos.*, 266 AD2d 133 [1999]; *Smith v Triad Mfg. Group*, 255 AD2d 962, 964 [1998]; *Jordan [Bermuda] Inv. Co. v Hunter Green Invs.*, 2003 WL 1751780, 2003 US Dist LEXIS 5182 [SD NY, Apr. 1, 2003]; *In re Sterling Foster & Co., Inc., Sec. Litig.*, 222 F Supp 2d 216, 285-287 [2002]).

The claim for breach of fiduciary duty was properly dismissed since plaintiff opened a nondiscretionary trading account, and

the relationship between plaintiff and defendant was merely that of broker and customer (*see Matter of Dean Witter Managed Futures*, 282 AD2d 271, *supra*; *Perl v Smith Barney*, 230 AD2d 664, 666 [1996]; *Fekety v Gruntal & Co.*, 191 AD2d 370, 371 [1993]; *Bissell v Merrill Lynch & Co., Inc.*, 937 F Supp 237, 246 [1996], *affd* 157 F3d 138 [1998]). The breach of fiduciary duty claim was properly dismissed on the alternative ground that it is duplicative of the breach of contract claim (*William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]; *Perl*, 230 AD2d at 666). Accordingly, the claim for aiding and abetting breach of fiduciary duty against defendant Chapel was properly dismissed.

An action for money had and received does not lie where there is an express contract between the parties (*see Phoenix Garden Rest. v Chu*, 245 AD2d 164, 166 [1997]; *Yeterian v Heather Mills*, 183 AD2d 493, 494 [1992]). We note that even if there had been no contract between the parties providing for commissions in connection with liquidation sales, plaintiff's claim for money had and received would still have been properly dismissed since the commissions were returned to plaintiff.

Plaintiff's claim for conversion was properly dismissed. A cause of action for conversion cannot be predicated on a mere breach of contract (*see id.*). Here, plaintiff's conversion claim "allege[d] no independent facts sufficient to give rise to tort liability" (*id.*) and, thus, was nothing more than a restatement of his breach of contract claim (*see Interstate Adjusters v First Fid. Bank*, 251 AD2d 232, 234 [1998]). Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Williams, JJ. [*See* 193 Misc 2d 253.]