■ ROBERT GRAY et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v SEABOARD SECURITIES, INC., et al., Respondents. [788 NYS2d 471]—

Carpinello, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered October 31, 2003 in Ulster County, which, inter alia, granted defendants' motion to dismiss the first cause of action of the complaint.

At issue on this appeal is the propriety of an order of Supreme Court dismissing plaintiffs' cause of action under General Business Law § 349, which provides a civil remedy for deceptive business practices. The gravamen of plaintiffs' complaint is that they were induced to do business with defendant Seaboard Securities, Inc., a purported "full service" brokerage firm, based upon representations that defendants would provide plaintiffs with proprietary research to assist them in the purchase of securities. Plaintiffs further allege that, in reliance on these representations, they opened a sizable trading account with Seaboard, purchased numerous stocks in accordance with defendants' recommendations and paid "full service" brokerage commissions, but that defendants failed to provide the promised investment advice. This conduct, plaintiffs allege, constituted a prohibited deceptive business practice within the ambit of General Business Law § 349 thereby providing a basis to recover

the difference between the "full service" commissions they paid and the amounts they would have paid for the same stock transactions executed by a "discount" or Internet brokerage firm.

Plaintiffs posit two principal arguments for reversal of Supreme Court's finding that General Business Law § 349 does not apply to their securities transactions. First, they allege that there is no "wholesale exclusion" for securities transactions under General Business Law § 349. Second, even if there were such an exclusion, they argue that their claims do not involve securities transactions per se but rather relate to the furnishing of services, i.e., the promised but not provided investment advice. We reject both arguments.

As this Court has recently observed, "in order to plead and prove a claim under this statute, a plaintiff must make a threshold showing that the challenged act or practice was *consumer* oriented, that is, it must have a broad impact on consumers at large" (*U.W. Marx, Inc. v Bonded Concrete, Inc.*, 7 AD3d 856, 858 [2004] [emphasis added]; *see Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 468 [2003], *lv dismissed* 100 NY2d 640 [2003]). The vast majority of courts which have considered the issue have found General Business Law § 349 inapplicable to securities transactions for essentially two reasons. As aptly outlined in *Morris v Gilbert* (649 F Supp 1491, 1497 [1986]), individuals do not generally purchase securities in the same manner as traditional consumer products, such as vehicles, appliances or groceries since "securities are purchased as investments, not as goods to be 'consumed' or 'used.'" Moreover, because the securities arena is one which is highly regulated by the federal government, it is questionable that the "legislature intended to give securities investors an added measure of protection beyond that provided by the securities acts" (*id.* at 1497; *see Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268, 268 [2003]; *Matter of Dean Witter Managed Futures Ltd. Partnership Litig.*, 282 AD2d 271, 272 [2001]; *Schwarz v Bear Stearns Cos.*, 266 AD2d 133 [1999]; *Smith v Triad Mfg. Group*, 255 AD2d 962, 964 [1998]; *In re Sterling Foster & Co., Inc., Sec. Litig.*, 222 F Supp 2d 216, 285-287 [2002]; *Cyber Media Group, Inc. v Island Mtge. Network, Inc.*, 183 F Supp 2d 559, 581 [2002]; *see also* General Business Law § 349 [d]; *but see Scalp & Blade v Advest, Inc.*, 281 AD2d 882, 883 [2001]).

Thus, the clear weight of authority is that claims arising out of securities transactions are not the type of consumer transactions for which General Business Law § 349 was intended to

provide a remedy. Further, we decline to adopt the distinction proffered by plaintiffs, namely, that their deceptive business practice claim relates to the service of providing investment advice and not to the purchase of securities themselves. Simply stated, we view the promised advice as clearly "ancillary to the purchase of securities" (*Berger v E\*Trade Group*, Sup Ct, NY County, Mar. 28, 2000, Shainswit, J.).*

To the extent not addressed, plaintiffs' remaining contentions have been considered and rejected as being without merit.

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

* We specifically make no finding as to whether plaintiffs' first cause of action is preempted under the Securities Litigation Uniform Standards Act of 1998 (15 USC §§ 77p, 78bb [f]), a matter currently being litigated in the federal courts (*see Gray v Seaboard Sec.*, 241 F Supp 2d 213 [2003]).