■ ASCOT FUND LIMITED, Appellant, v UBS PAINEWEBBER, INC., Respondent, et al., Defendants. [814 NYS2d 36]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 3, 2005, which granted defendant PaineWebber's motion pursuant to CPLR 3211 (a) to dismiss the amended complaint, unanimously affirmed, with costs.

PaineWebber, as a broker, owed no fiduciary duty to plaintiff purchaser of securities (*see Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268 [2003]; *Matter of Dean Witter Managed Futures Ltd. Partnership Litig.*, 282 AD2d 271 [2001]). There is no evidence that the simple broker-customer relationship here included any investment advice given by PaineWebber, or any discretionary trading authority given to PaineWebber by nominal defendants Marque Fund II Limited or Marque Partners II, L.P. (*see Bissell v Merrill Lynch & Co., Inc.*, 937 F Supp 237, 246 [SD NY 1996], *affd* 157 F3d 138 [2d Cir 1998]). The $15 million in transfers at issue here were directed by the investment/money manager of Marque Partners II, who, according to plaintiff, had carte blanche in managing Marque Partners' affairs and effecting transfers of money out of Marque Partners' account at PaineWebber. Since said investment/money manager had the authority to dispose of securities and generally deal with the account as if he alone were interested in the account, PaineWebber did not owe a general fiduciary duty here, and it correctly executed the transactions as directed by its customer.

The aiding and abetting causes of action were also correctly dismissed because the amended complaint failed to allege any facts or conduct indicating that PaineWebber had actual knowledge that the investment/money manager's transfer directions to PaineWebber contravened Marque Partners' redemption procedures, or that the investment/money manager was secretly trying to defraud the other Marque Fund investors (*see Kaufman v Cohen*, 307 AD2d 113, 125-126 [2003]). Similarly, the double derivative claims were correctly dismissed because there was no allegation that the company in which plaintiff owned shares, Marque Fund, controlled the subsidiary corporation that owned the claim, Marque Partners (*see Pessin v Chris-*

*Craft Indus.*, 181 AD2d 66, 72 [1992]). Concur—Saxe, J.P., Nardelli, Catterson and Malone, JJ.