■ TRADEX GLOBAL MASTER FUND SPC LTD et al., Respondents, v TITAN CAPITAL GROUP III, LP, et al., Appellants, et al., Defendant. [944 NYS2d 527]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 11, 2011, which, to the extent appealed from, denied the motion of defendants Titan Capital Group III, LP, Titan Capital Group Global Return LLC (incorrectly sued as Titan Group Capital Global Return LLC), Titan Capital Group LLC, and Russell Abrams to dismiss plaintiffs' fraud claim pursuant to CPLR 3211 (a) (1) and (7), unanimously reversed, on the law, with costs, and the motion granted.

Contrary to defendants' contention, not all of the misrepresentations alleged in the complaint are puffery, opinion, and expectation, and fraud is alleged with the particularity required by CPLR 3016 (b). Nevertheless, the fraud claim should have been dismissed.

First, insofar as plaintiffs claim they were fraudulently induced into making additional investments, Tradex Global Master Fund SPC LTD signed Additional Subscription Forms for Shares, each of which stated, "The undersigned restates all of the declarations, acknowledgments, warranties, agreements, and understandings made in the undersigned's original Application Form for Shares as if they were made on the date hereof." In turn, the original Application Form for Shares states that "this Application is based solely on the [Private Placement] Memorandum." Thus, any reliance by plaintiffs on Abrams' alleged oral statements was "unjustifiable as a matter of law"

(*see Matter of Dean Witter Managed Futures Ltd. Partnership Litig.*, 282 AD2d 271 [2001]).

Second, insofar as plaintiffs claim that Abrams' misrepresentations caused them to hold onto their shares instead of redeeming them as of June 30, 2010, this holder claim, which is part of plaintiffs' fraud claim, is governed by Connecticut law since plaintiffs' principal place of business is in that state (*see BT Triple Crown Merger Co., Inc. v Citigroup Global Mkts. Inc.*, 19 Misc 3d 1129[A], 2008 NY Slip Op 50941[U], *6 [2008]; *see also Ackerman v Price Waterhouse*, 252 AD2d 179, 192-193 [1998]). Connecticut law does not recognize holder claims (*see e.g. Calibre Fund, LLC v BDO Seidman, LLP*, 2010 WL 4517099, *5, 2010 Conn Super LEXIS 2619, *13-15 [2010]). Moreover, even under New York law, such a "holder claim" would be precluded under the out-of-pocket rule by which the true measure of damages for fraud is indemnity for the actual pecuniary loss sustained as a direct result of the wrong (*Starr Found. v American Intl. Group, Inc.* 76 AD3d 25 [1st Dept 2010]). Under the rule there can be no recovery of profits which would have been realized in the absence of fraud (*id.*). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.