2497 Realty Corp. v Fuertes (2024 NY Slip Op 05624)

2497 Realty Corp. v Fuertes

2024 NY Slip Op 05624

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 151947/14 Appeal No. 3048 Case No. 2023-05034 

[*1]2497 Realty Corp., Plaintiff-Respondent,
v
Rodolfo Fuertes et al., Defendants-Appellants, 2497 Partner LLC, et al., Defendants.

Kaplan Levenson, P.C., New York (Steven M. Kaplan of counsel), for appellants.
Rosenberg & Pittinsky, LLP, New York (Laurence D. Pittinsky of counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 5, 2023, which denied the motion of defendants Rodolfo Fuertes and Jonathan Abad (the Individual Defendants) to dismiss the amended complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Contrary to plaintiff's claim, the Individual Defendants' motion did not violate the single motion rule (see CPLR 3211[e]) because defendants' prior motion to dismiss was not decided on the merits (Rivera v Board of Educ. of the City of N.Y., 82 AD3d 614, 614 [1st Dept 2011]). As for the fact that all defendants answered the amended complaint, CPLR 3211(e) says, "A motion based upon a ground specified in paragraph seven of subdivision (a) may be made at any time" after "service of the responsive pleading is required."
Since the Individual Defendants made a CPLR 3211(a)(7) motion that was not converted into a summary judgment motion, the court should have relied on the amended complaint and plaintiff's initial affidavit in opposition to the motion (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]; Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 173-174 [1st Dept 2013]), instead of ordering discovery and supplemental submissions. The fact that discovery was not complete at the time the Individual Defendants made their motion "does not excuse plaintiff's failure to plead [in its amended complaint or in its initial affidavit] any facts that would support piercing the corporate veil" (Yovich v Montefiore Nyack Hosp., 212 AD3d 425, 426 [1st Dept 2023]).
Even if we were to consider plaintiff's supplemental materials, we would find that plaintiff failed to meet its "heavy burden" (TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998]) of piercing the corporate veil by showing that the Individual Defendants, "through their domination [of defendants 2497 Partner LLC and 145th Street Property Investor, LLC (the Entity Defendants)], abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [plaintiff] such that a court in equity will intervene" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142 [1993]). While plaintiff emphasizes that the Individual Defendants dominate and control the Entity Defendants, such evidence, "alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance" (TNS Holdings v MKI Sec. Corp., 92 NY2d at 339). Plaintiff also complains that the Individual Defendants, using their entities, continue to litigate and deprive plaintiff of the funds it is entitled to. Even if that could be construed as bad-faith behavior, that would not suffice to pierce the corporate veil (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]).
Moreover, the amended complaint fails to state any direct claim against the [*2]Individual Defendants. The second cause of action alleges that defendants breached a contract, as amended. However, the original contract was between plaintiff and 2497 Partner LLC, and the amendments were between plaintiff and the Entity Defendants. Thus, plaintiff cannot maintain a breach of contract claim against the Individual Defendants, who are not parties to any of the above agreements (see Albstein v Elany Contr. Corp., 30 AD3d 210 [1st Dept 2006], lv denied 7 NY3d 712 [2006]; Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332-333 [1st Dept 2005]).
The amended complaint also fails to state a claim for fraud against the Individual Defendants "because there is no allegation that [they] made any representation, fraudulent or otherwise, to plaintiff" (National Westminster Bank v Weksel, 124 AD2d 144, 147 [1st Dept 1987], lv denied 70 NY2d 604 [1987]).
While a plaintiff may use an affidavit to remedy a defective complaint, the only relevant statements in plaintiff's affidavit are, "At the time we entered into the [original] Contract, I was told by Fuertes that the settlement funds belonged to me," and "Abad expressed that he wanted to take control of the ExxonMobil settlement negotiations thinking he could achieve a better result." Fuertes' statement could not have fraudulently induced plaintiff to enter into the original contract because that agreement is consistent with Fuertes' statement — it says plaintiff "is entitled to all proceeds from any settlement relating to the Spill." Moreover, Abad's statement, is not "a material misrepresentation of a fact" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]), as required for a fraud claim.
Plaintiff's fraud claim is also insufficient because it merely alleges, "Defendants never intended to comply with the terms of the Contract" (see e.g. Fariello v Checkmate Holdings, LLC, 82 AD3d 437 [1st Dept 2011]).
Plaintiff's attempt on appeal to convert the first cause of action into a fraud-by-concealment claim falls short. While a complaint should be liberally construed on a motion to dismiss, a court is not permitted to create allegations that do not exist (see Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 583-584 [2017]).
The third cause of action is for breach of fiduciary duty, which requires "the existence of a fiduciary relationship" (Castellotti v Free, 138 AD3d 198, 209 [1st Dept 2016]). However, neither the amended complaint nor plaintiff's affidavit in opposition to the motion alleges that the Individual Defendants were "under a duty to act for or to give advice for [plaintiff's] benefit" (Eurycleia, 12 NY3d at 561 [internal quotation marks omitted]). Furthermore, the breach of fiduciary duty claim is duplicative of the contract claim (see Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 269 [1st Dept 2003]) because it alleges that defendants had a duty to distribute settlement proceeds in accordance with the provisions [*3]of the contract and seeks the same damages as the contract claim.
Since plaintiff did not have a fiduciary relationship with the Individual Defendants, the sixth cause of action for an accounting must also be dismissed (see Front, Inc. v Khalil, 103 AD3d 481, 483 [1st Dept 2013], affd 24 NY3d 713 [2015]; see also Castellotti, 138 AD3d at 210).
The fourth cause of action should be dismissed because "[a] cause of action for conversion cannot be predicated on a mere breach of contract" (Fesseha, 305 AD2d at 269).
The fifth cause of action should be dismissed because "unjust enrichment contemplates an obligation imposed by equity to prevent injustice, in the absence of anactual agreement between the parties" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012] [internal quotation marks omitted]; see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). It is of no moment that the contracts are between plaintiff and the Entity Defendants, as opposed to plaintiff and the Individual Defendants (see Allenby, LLC v Credit Suisse AG, 134 AD3d 577, 579 [1st Dept 2015]).
The seventh cause of action should be dismissed because attorneys' fees cannot be recovered unless the contract or a statute provides for them, and plaintiff alleges neither.
The Individual Defendants request that we dismiss all noncontract claims against the Entity Defendants. However, only the Individual Defendants moved to dismiss the amended complaint. Therefore, the Court will not entertain this request.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024