◼ RUDOLPH J. LOEHNER, Individually and as Executor of the Estate of NORMA LOEHNER, Deceased, Respondent, v STEPHAN SIMONS et al., Respondents, and SOUTHAMPTON HOSPITAL et al., Appellants. [636 NYS2d 391] —In an action to recover damages for medical malpractice, the defendants

Southampton Hospital and John Cossentino separately appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 4, 1995, which granted the motion of the defendants Stephan Simons and East Nassau Medical Group to reargue and, upon reargument, vacated so much of an order of the same court, dated November 28, 1994, as granted the cross motion of Southampton Hospital for summary judgment dismissing the complaint insofar as asserted against it and upon searching the record awarded summary judgment to the defendant John Cossentino dismissing the complaint insofar as asserted against him, and denied Southampton Hospital's cross motion for summary judgment.

Ordered that the order is affirmed with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On December 27, 1988, the plaintiff's decedent went to the emergency room of Southampton Hospital (hereinafter Southampton) complaining of severe abdominal pain. Upon examination by the defendant Dr. John Cossentino, an employee of Southampton, the decedent was informed that she was probably suffering from acute diverticulitis and that she should be admitted to Southampton. However, the decedent desired to be examined by her own physician, the defendant Dr. Stephan Simons. After a discussion between Dr. Cossentino and Dr. Simons, the decedent signed herself out of Southampton. Later that same day the decedent visited Dr. Simons before going to Syosset Hospital (hereinafter Syosset) where she was admitted. Approximately 11 hours after her admittance into Syosset the decedent underwent surgery. During the procedure the decedent died as a result of complications from diverticulitis.

On appeal Southampton and Dr. Cossentino argue that they are entitled to summary judgment since the decedent elected to ignore their advice. However, there is an issue of fact concerning whether or not Dr. Cossentino told Dr. Simons, prior to the decedent's release from Southampton, that the decedent could safely visit Dr. Simons' office before being transferred to Syosset. Accordingly, neither Southampton nor Dr. Cossentino has established entitlement to judgment as a matter of law (see, Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.