■ RICHARD SCHWARZ, Appellant, v BEAR STEARNS COMPANIES, INC., et al., Respondents. [698 NYS2d 855] —Order, Supreme Court, New York County (Charles Ramos, J.), entered August 27, 1998, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

The IAS Court properly dismissed plaintiff's cause of action under General Business Law § 349, since the securities transactions at issue are outside the scope of the statute (*see, Smith v Triad Mfg. Group*, 255 AD2d 962, 964). In any event, defendants, as clearing brokers, had no duty to disclose to the introducing broker's clients, and thus the statutory cause of action, as well as the negligence claim, was properly dismissed (*see, In re Blech Sec. Litig.*, 928 F Supp 1279, 1295-1296). Concur—Ellerin, P. J., Williams, Lerner, Rubin and Saxe, JJ.

■ JERELYN CALIGIURI, Plaintiff, v AAA-1 TOWING, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. RAMP CHEVROLET, INC., Third-Party Defendant-Appellant. [698 NYS2d 482] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about April 12, 1999, which denied the motion of third-party defendant Ramp Chevrolet, Inc. for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.

The motion court properly relied upon the statements of defendant and third-party plaintiff Lee Belli in denying the motion. Although Belli's statements, as reported in the testimony of plaintiff Caligiuri, were hearsay, they were properly considered by the motion court since they constitute "admissions" by a party to a material fact at issue (*see, Reed v McCord*, 160 NY 330, 341). Belli's "admissions" were attributable not only to Belli but to defendant AAA-1 as well, since Belli, an agent and employee of AAA-1, made the subject admissions while engaged in an activity within the scope of his agency authority (*see, e.g., Loehner v Simons*, 223 AD2d 533, 534). Concur—Ellerin, P. J., Williams, Lerner, Rubin and Saxe, JJ.