BEAR STEARNS & CO., INC., Bear Stearns Securities Corp., and Richard Harriton Respondent–Petitioners,

v.

1109580 ONTARIO, INC. Claimant–Respondent.

No. 03 Civ. 9919(SHS).

United States District Court, S.D. New York.

May 18, 2004.

Stuart L. Melnick, Law Offices Stuart L. Melnick, LLC, New York, NY, for defendant.

Harold J. Ruvoldt, Jr., Edwards & Angell, LLP, New York, NY, for plaintiff.

## OPINION AND ORDER

STEIN, District Judge.

In February of 1997, 1109580 Ontario, Inc., a Canadian corporation, commenced an arbitration under the auspices of the National Association of Securities Dealers, Inc. (the "NASD") against Bear Stearns & Co, Inc., its subsidiary Bear Stearns Securities Corp., (collectively, "Bear Stearns") and Richard Harriton, a Bear Stearns Securities Corp. executive, seeking damages relating to losses Ontario sustained allegedly due to Bear Stearns's actions. On December 11, 2003, the arbitral panel issued an award in favor of Bear Stearns and dismissed all of Ontario's claims with prejudice. The next day, Bear Stearns filed a petition in this Court to confirm the award and Ontario then cross-moved to vacate that award. Federal subject matter jurisdiction is present due to the diversity of citizenship of the parties.

Because the decisions by the arbitration panel that are challenged by Ontario do not rise to the level of "manifest disregard of the law," Bear Stearns's motion to confirm the award is granted and Ontario's cross-motion to vacate it is denied.

## BACKGROUND

This action arose from securities frauds perpetrated by A.R. Baron & Co. ("Baron") in the 1990s. The pertinent facts regarding that scheme, including Bear Stearns's role as Baron's clearing broker, have been elucidated at length in previous litigations and will not be repeated here. *See e.g. Fezzani v. Bear, Stearns & Co., Inc.*, 99 Civ.0793, 2004 WL 744594 (S.D.N.Y., Apr.06, 2004); *McDaniel v. Bear Stearns & Co., Inc.*, 196 F.Supp.2d 343 (S.D.N.Y.2002); *Goldberger v. Bear, Stearns & Co., Inc.*, 98 Civ. 8677, 2000 WL 1886605 (S.D.N.Y., Dec.28, 2000); *Berwecky v. Bear, Stearns & Co.*, 197 F.R.D. 65 (S.D.N.Y.2000); *see also, Schwarz v. Bear Stearns Co., Inc.*, 266 A.D.2d 133, 698 N.Y.S.2d 855 (1st Dept.1999). The facts directly relevant to the resolution of this proceeding are as follows:

According to Ontario, it was "a substantial client" of Baron's and was induced to invest $5 million in Baron's parent corporation and to provide Baron with a $4 million loan in 1996. *See* Ontario's Statement of Claim at ¶¶ 11, 21–24 (attached at Exhibit 4 to Ontario's Motion to Vacate). Ontario further alleges that Baron improperly conducted a transaction in warrants of Videlolan Corp. for Ontario's account and then post-dated that transaction to enrich itself at Ontario's expense. *See id.* at ¶¶ 43–45. In the NASD arbitration at issue here, Ontario asserted five claims, denominated control person liability, fraud, aiding and abetting common law fraud and conversion, breach of contract, and negligence. *See* Ontario's Statement of Claim at ¶¶ 113–137. Ontario sought $22 million in compensatory damages and $75 million in punitive damages, as well as interest and fees.

After the NASD arbitration began, Bear Stearns was investigated by the New York County District Attorney's Office and the Securities and Exchange Commission (the "SEC") in connection with its role as Baron's clearing broker. That investigation resulted in a settlement between the SEC and Bear Stearns, which included the imposition of a fine and the entry of two Orders Instituting Proceedings (the "OIPs") by the SEC, one against Bear Stearns and the other against Richard Harriton. *See* Order Instituting Proceedings In the *Matter of Bear Stearns Securities Corp.*, 1999 WL 569552, 1999 SEC LEXIS 1551 (Aug. 5, 1999); Order Instituting Proceedings In the *Matter of Richard Harriton*, 2000 SEC LEXIS 779 (Apr. 20, 2000). In January of 2002, Ontario moved to admit those two OIPs into evidence in their entirety in the arbitration.

After extensive briefing on that evidentiary issue, the NASD panel decided to admit the "findings of fact" contained in the OIPs but excluded "the legal discussions or conclusions" contained therein. *See* Order Regarding Claimant's Motion No. 1 In Limine (attached at Exhibit 9 to Ontario's Motion to Vacate). The NASD panel held, moreover, that the SEC's findings of facts were only "admitted as some evidence of the actions and omissions [Bear Stearns] and Richard Harriton with respect to A.R. Baron," and do not "establish a *prima facie* case for Claimant, [or] change the burden of proof as to liability." *Id.* at 2.

Also during this arbitration proceeding, the court-appointed trustee for Baron's liquidation in bankruptcy issued a report regarding the circumstances of and the causes for Baron's collapse.[1] (the "SIPC Trustee Report") That report presented the results of the trustee's investigations into Baron's fraudulent scheme as well as the trustee's "understanding of how this fringe segment of the securities industry [which included Baron's activities] operates." *See* SIPC Trustee Report at 5 (attached at Exhibit 23 to Ontario's Motion to Vacate). Ontario moved to admit the SIPC Trustee Report into evidence in its NASD arbitration. The NASD panel denied that motion without prejudice and informed Ontario that it may "offer the SIPC Trustee Report at the hearing provided that Claimant also makes the SIPC Trustee available to testify at the hearing prior to the offer." *See* Order at 2 (attached at Exhibit 22 to Ontario's Motion to Vacate).

In July of 2001, another NASD arbitration panel issued its decision in *McDaniel v. Davis (Bear Stearns)* and awarded the claimants in excess of $1 million in compensatory and punitive damages for Bear Stearns's aiding and abetting Baron's fraud and for breach of contract. That panel specifically found that Bear Stearns rendered "active participation, substantial assistance and aiding and abetting" to Baron's securities fraud scheme. *See McDaniel v. Davis (Bear Stearns)* Award at 24 (attached at Exhibit 15 to Ontario's Motion to Vacate). It also found that Bear Stearns breached its duty of good faith when it refused to honor the McDaniels' request to transfer their account to a broker other than Baron. *See id.* at 19. Bear Stearns's ensuing motion to vacate was denied by Judge Scheindlin of this Court in *McDaniel v. Bear Stearns & Co., Inc. See* 196 F.Supp.2d at 346 ("[I]f I had that authority, I might indeed have decided the case differently. However, the Court's review of an arbitration award is rigidly narrow").

In April of 2003, Ontario moved the NASD panel to preclude Bear Stearns from contesting two issues: its liability for "(a) having aided and abetted Baron's massive criminal fraud and (b) for having breached the Customer Agreement with Ontario," in light of the *McDaniel* arbitration award. *See* Claimant's Motion to Preclude at 2 (attached at Exhibit 15 to Ontario's Motion to Vacate). In that motion, Ontario conclusorily asserted that "the claims at issue here for aiding and abetting and breach of contract are identical to those at issue in McDaniel and arise out of the same set of operative -and governing facts." *See id* at 2. In its June 3, 2003 Order, the NASD panel denied Ontario's motion to preclude. *See* Order at 1 (attached at Exhibit 22 to Ontario's Motion to Vacate).

Ontario's cross-motion to vacate the arbitration award rests principally on three grounds. First, Ontario asserts that it

---

1. This report is referred to as the SIPC Trustee Report because it was mandated by Section 7(d) of the Securities Investor Protection Act, 15 U.S.C. § 78fff–1(d).

was prejudiced by the NASD panel's refusal to admit the SIPC Trustee Report into evidence. Second, Ontario asserts that the NASD panel acted "in manifest disregard of the law" when it failed to admit into evidence the legal discussion and conclusions contained in the Bear Stearns and Harriton OIPs. Third, Ontario asserts that the NASD panel acted "in manifest disregard of the law" because it did not give preclusive weight, as Ontario had requested, to the arbitration decision in *McDaniel.*

## STANDARD FOR JUDICIAL REVIEW OF AN ARBITRATION AWARD

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* sets forth the statutory grounds for vacating an arbitration award, including "where the arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy ..." *See* 9 U.S.C. § 10(a)(3). In addition, an arbitration award may also be vacated if an arbitration panel acted "in manifest disregard of the law." *See Banco de Seguros del Estado v. Mutual Marine Office, Inc.,* 344 F.3d 255, 263 (2d Cir., 2003); *Atherton and Online Video Network, Inc.,* 274 F.Supp.2d 592, 594 (S.D.N.Y.2003). As the Court of Appeals for the Second Circuit has consistently held, in reviewing an arbitration award a district court "must grant an arbitrator panel's decision great deference." *See Duferco Int. Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir.2003). Furthermore, "[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a 'barely colorable justification for the outcome reached.'" *Banco de Seguros del Estado,* 344 F.3d at 260 (*quoting Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union, AFL–CIO,* 954 F.2d 794, 797 (2d Cir.1992)).

An arbitration panel's handling of the evidence "need not follow all the niceties observed by the federal courts." *See Bell Aerospace Co. Div. of Textron v. Local 516,* 500 F.2d 921, 923 (1974). Consequently, judicial review of evidentiary decisions made during arbitrations is confined to ensuring that those decisions have not violated the fundamental fairness of the dispute resolution process. As Ontario has alleged an improper exclusion of evidence in the arbitration, the cynosure of this Court's review is to determine whether that exclusion rendered the arbitration fundamentally unfair by depriving Ontario of an "adequate opportunity to present its evidence and argument" before the NASD panel. *See Tempo Shain Corp. v. Bertek, Inc.,* 120 F.3d 16, 20 (2d Cir.1997) (*citing Hoteles Condado Beach v. Union De Tronquistas Local 901,* 763 F.2d 34, 39 (1st Cir.1985)).

The petitioner seeking vacatur of an arbitration award on the ground that it is "in manifest disregard of the law" bears the burden of showing "more than error or misunderstanding with respect to the law." *See Hoeft v. MVL Group, Inc.,* 343 F.3d 57, 69 (2d Cir.2003) (*quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker,* 808 F.2d 930, 933 (2d Cir.1986)). An award is in "manifest disregard of the law" where "a governing legal principle is well defined, explicit, and clearly applicable to the case, and where the arbitrator ignored it after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature.'" *Atherton,* 274 F.Supp.2d at 595 (*quoting GMS Group, LLC v. Benderson,* 326 F.3d 75, 78 (2d Cir.2003)). "A legal principle clearly governs the resolution of an issue before the arbitrator if its applicability is 'obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator.'" *Id.* (*quoting Westerbeke Corpo-*

*ration v. Daihatsu Motor Co.*, 304 F.3d 200, 209 (2d Cir.2002)).

## DISCUSSION

A. *The Failure of the NASD Panel to Admit the SIPC Trustee Report Does Not Require the Award to Be Vacated*

■ Although the NASD panel denied Ontario's motion to admit the SIPC Trustee Report, that denial was not only without prejudice, but it wrote specifically that Ontario "may offer the SIPC Trustee Report at the hearing provided that Claimant also makes the SIPC Trustee available to testify at the hearing prior to the offer." *See* June 3, 2003 Order at 2 (attached at Exhibit 22 to Ontario's Motion to Vacate). Ontario chose not to renew its motion at the hearing. Clearly, then, Ontario was not deprived of "an adequate opportunity to present its evidence," *see Tempo Shain Corp.*, 120 F.3d at 20, and the without prejudice exclusion of the SIPC Trustee Report did not render the arbitration fundamentally unfair.

B. *The Panel's Exclusion of Legal Discussion and Conclusions Contained in OIPs Does Not Require the Award to Be Vacated*

■ Ontario contends the panel's exclusion of the legal discussion and conclusions contained in the OIPs was in manifest disregard of the law and therefore requires that the award be vacated. It is incorrect. Rule 408 of the Federal Rules of Evidence provides for exclusion of otherwise admissible evidence where: 1) that evidence is of a specific character, namely "of furnishing or offering or promising to

furnish, or accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount ... [or] of conduct or statements made in compromise negotiations;" and 2) if that evidence is offered "to prove liability for or invalidity of the claim or its amount." *See* Fed. R.Evid. 408; *see also Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 293 (2d Cir.1999) (holding that Rule 408 exclusion does not apply to evidence of a settlement agreement "if it is offered for 'another purpose,' i.e., for a purpose other than to prove or disprove the validity of the claims that [the agreement was] meant to settle").

First, the discussion and conclusions contained in the OIPs were made as part of the settlement by the SEC and Bear Stearns and Harriton in their dispute over whether securities violations occurred.[2] Moreover, the legal discussion and conclusions contained in the two OIPs were offered by Ontario at the arbitration for the precise purpose of proving its *prima facie* case, i.e. Bear Stearns's liability for aiding and abetting Baron's fraudulent scheme, in the NASD arbitration. Therefore, those findings of the SEC directly pertained to the issue raised in the SEC's dispute with Bear Stearns and Harriton. Thus, the NASD panel assuredly did not ignore a governing legal principle that was brought to its attention. Indeed, the NASD panel correctly applied Rule 408 of the Federal Rules of Evidence in excluding specific sections of the OIPs. *See In re. Blech Securities Litigation*, 94 Civ. 7696, 2003

---

**2.** The Bear Stearns OIP provides that "[in] anticipation of the institution of the proceedings, [Bear Stearns] has submitted an Offer of Settlement that the Commission has determined to accept. Solely for the purpose of these proceedings ... and without admitting or denying the findings set forth herein ..." *See* 1999 SEC LEXIS 1551 at *1–2. Similar-

ly, the Harriton OIP provides "Harriton has submitted an Offer of Settlement ('Offer') that the Commission has determined to accept. Solely for the purpose of these proceedings ... and without admitting or denying the findings set forth herein ..." *See* 2000 SEC LEXIS 779 at *1.

WL 1610775 at *11 (Mar. 26, 2003) (excluding SEC consent orders pursuant to Fed.R.Evid. 408); *McDaniel*, 196 F.Supp.2d. at 366.

## C. The Panel's Order Denying Application of Collateral Estoppel Does Not Require the Award to Be Vacated

■ The panel's denial of Ontario's motion to preclude Bear Stearns from contesting the issue of breach of contract and the issue of aiding and abetting Baron's fraud on the basis of the arbitration decision in *McDaniel* was not in manifest disregard of the law. Ontario requested the application of the doctrine of collateral estoppel to the *McDaniel* arbitration award. That concept may be properly applied to preclude relitigation of an issue where "(1) the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" *See Interoceanica Corp. v. Sound Pilots*, 107 F.3d 86, 91 (2d Cir. 1997). An arbitration decision can have a preclusive effect on a subsequent litigation or arbitration if the same issues are raised in both proceedings. *See Postlewaite v. McGraw–Hill, Inc.*, 333 F.3d 42, 48 (2d Cir.2003); *May Ship Repair Contracting Corp. v. Barge Columbia New York*, 160 F.Supp.2d. 594, 599 (S.D.N.Y.2001).

However, a number of factors counsel caution in assigning preclusive effect to arbitration decisions, including the fact that arbitrators are not required to provide explanations for their decisions and the fact that arbitration decisions are only subject to, as described *supra*, circumscribed and heavily deferential judicial review. *See Postlewaite*, 333 F.3d at 49. Accordingly, as the Second Circuit recently recognized, the party seeking preclusion "bears the burden of showing with *clarity*

*and certainty* what was determined by the prior judgment." *Id* (emphasis in original). Furthermore, interests of efficiency and consistency that are promoted by the use of collateral estoppel in this context must be balanced against the demands of fairness. *See Remington Rand Corp. v. Amsterdam–Rotterdam Bank, N.V.*, 68 F.3d 1478, 1486 (2d Cir.1995) (collateral estoppel "is not to be mechanically applied, for it is capable of producing extraordinarily harsh and unfair results"). Accordingly, broad discretion is accorded to a trial court or an arbitration panel to determine, in light of the unique circumstances present, whether to apply offensive collateral estoppel. *See id.* (*citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)).

Here, the panel's denial of Ontario's motion was not incorrect. First, with respect to its breach of contract claim, Ontario failed to show with any certainty or clarity the identity between that issue and the contractual issue presented to the arbitration panel in *McDaniel*. As noted above, the claimants in *McDaniel* specifically alleged that Bear Stearns refused to honor a request to transfer their brokerage account. No such allegation appears in Ontario's claims. Accordingly, collateral estoppel has no application to that issue. *See May Ship Repair Contracting Corp.*, 160 F.Supp.2d. at 599.

Unlike the contractual issue, the issue of Bear Stearns's aiding and abetting Baron's securities fraud is present both in Ontario's NASD arbitration and in the *McDaniel* arbitration. Moreover, this issue was fully contested in the *McDaniel* arbitration and was also essential to the determination of that panel. Accordingly, the necessary conditions for application of collateral estoppel are met. *See Interoceanica Corp.*, 107 F.3d at 91. However, as Bear Stearns asserted in its opposition

to Ontario's motion to preclude, two other NASD arbitration panels arrived at the opposite conclusion on the issue of Bear Stearns's liability for aiding and abetting Baron's securities fraud. *See* Award in *Meere v. Bear Stearns & Co., Inc.*, and Award in *Holubwich v. Bear Stearns & Co., Inc.* (attached at Exhibit 20 to Ontario's Motion to Vacate). Those inconsistent outcomes further highlight the tension between efficiency and fairness associated with the application of collateral estoppel to arbitration decisions identified in *Remington Rand Corp.* and in *Postlewaite.* That inconsistency counsels strongly against giving preclusive effect to the *McDaniel* decision. *See Prudential Securities Inc. v. Arain,* 930 F.Supp. 151, 157 (S.D.N.Y.1996).

In light of those considerations, it was within the NASD panel's discretion to determine whether to give preclusive weight to the *McDaniel* arbitration decision. Contrary to Ontario's assertions, there is no well-defined, explicit, governing legal principle that mandated the panel to grant Ontario's motion to preclude. Accordingly, the NASD panel's determination not to apply collateral estoppel was assuredly not in manifest disregard of the law.

*CONCLUSION*

For the reasons set forth above, Bear Stearns's motion to confirm the arbitration award is granted and Ontario's cross-motion to vacate the award is denied.