■ VINCENT COSTANTINI, Respondent, v BIMCO INDUSTRIES, INC., Appellant.—In an action to recover the amount due and owing of loans made by the plaintiff to the defendant, the defendant appeals from (1) a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 21, 1985, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal amount of $8,930.65, and (2) from an order of the same court, dated May 23, 1985, which denied its motion to set aside the verdict and for judgment as a matter of law on its counterclaim.

Ordered that the judgment and order are affirmed, with one bill of costs.

The plaintiff met his burden of proving that he had made several loans to the defendant corporation which had been only partially repaid. In addition, the plaintiff met his burden of proof in establishing, by notations on checks payable to him, and through his own testimony, that partial payments made to him by the defendant, representing interest and principal, were sufficient to remove the case from the operation of the Statute of Limitations *(see,* General Obligations Law § 17-101; *Mills v Davis,* 113 NY 243, 247; *Bernstein v Kaplan,* 67 AD2d 897, 898; *cf. Matter of Hall,* 144 Misc 616, 618-619). Further, the plaintiff's claim was not unenforceable under the Statute of Frauds, since, by their terms, the loan agreements between the parties were open-ended, with no set time for repayment *(see, High v Pritzker,* 58 NYS2d 706, *affd* 269 App Div 1015). Finally, the trial court properly dismissed the defendant's counterclaim for failure of proof. Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.