■ STEVEN M. BERZIN, Appellant, v W.P. CAREY & Co., INC., Respondent. [740 NYS2d 63] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 27, 2001, which, in an action for breach of or rescission of an employment contract, granted defendant employer's motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to reinstate plaintiff employee's claim for an additional severance payment based on a loan forgiveness, and, upon a search of the record pursuant to CPLR 3211 (c), to grant plaintiff summary judgment on his cause of action for breach of contract to the extent of defendant's previous tender of severance benefits, with statutory interest from the date of plaintiff's termination, and to remand the matter for further proceedings, and otherwise affirmed, without costs.

The parties entered into a written employment agreement that was to run until December 31, 2001 unless terminated earlier, and could be terminated by defendant with or without cause. In January 1999, defendant offered plaintiff the choice of either entering into a revised and less lucrative agreement or being immediately terminated. Faced with this choice, and allegedly in reliance on oral side agreements in which defendant promised to forgive a debt incurred by plaintiff in purchasing defendant's stock, pay plaintiff a bonus for 1998 and provide plaintiff with a "prosperous future," plaintiff accepted the revised agreement. In May 1999, defendant again threatened to terminate plaintiff, this time if he refused to give up all of his contractual rights and work without a contract on an at-will basis. Plaintiff refused and was terminated.

While there is no dispute that, with the exception of certain

severance benefits, plaintiff received everything he was entitled to under the express terms of the revised agreement, plaintiff claims that defendant's sole motivation in terminating him was to prevent the vesting of additional stock options and other compensation benefits, and that his termination therefore violated the covenant of good faith and fair dealing implied in every contract. Even if defendant were so motivated, plaintiff has no cause of action for breach of contract. The covenant of good faith and fair dealing cannot negate defendant's express right to terminate the revised agreement without cause at any time (*see, Gallagher v Lambert*, 74 NY2d 562; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304-305), notwithstanding its fixed term. In addition, given defendant's express right to terminate the original agreement, its threat to do so unless plaintiff agreed to the revised agreement cannot be viewed as "wrongful," and thus cannot be the basis of a cause of action for rescission of the revised agreement on the ground of economic duress (*see, Austin Instrument v Loral Corp.*, 29 NY2d 124, 130). Nor does plaintiff have a cause of action for rescission based on fraud, since the promises that allegedly induced him to enter into the revised agreement were either kept by defendant, or are too vague to be enforced, or, giving the complaint every favorable inference, involved no misrepresentation of fact (*cf., Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122).

However, defendant breached the revised agreement when it conditioned payment of the amount it concededly owes plaintiff in severance benefits on plaintiff's surrender of his other claims. Plaintiff is entitled to those benefits under the revised agreement and did not have to provide additional consideration in the form of a waiver of his claims to obtain them. Accordingly, we modify to grant plaintiff summary judgment pursuant to CPLR 3211 (c) in the amount of defendant's previous tender of severance benefits, with statutory interest from the date of plaintiff's termination, the parties' argument on this point raising only an issue of law (*see, Mihlovan v Grozavu*, 72 NY2d 506, 508). We also modify to reinstate plaintiff's claim for breach of the severance provision in the revised agreement, which, read together with the parties' stock purchase agreement, is not inconsistent with plaintiff's claim that the parties intended loan forgiveness to form part of the basis for calculating plaintiff's severance benefits. Concur—Williams, P.J., Saxe, Lerner, Rubin and Marlow, JJ.