■ GREENE TECHNOLOGIES INC., Appellant, v ATOMA INTERNATIONAL OF AMERICA, INC., Doing Business as AUDAX AUTOMOTIVE INTERIORS, Respondent. [745 NYS2d 242] —Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered March 23, 2001 in Chenango County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

In September 1997, plaintiff commenced this breach of contract action alleging that on September 13, 1993 and due to plaintiff's then-pending reorganization under chapter 11 of the Bankruptcy Code (11 USC), Audax Automotive Interiors, a division of defendant, unilaterally terminated an ongoing contract for the purchase of automobile seat parts manufactured by plaintiff. It is undisputed that the purchase orders submitted by defendant and accepted by plaintiff included an unconditional clause permitting defendant to cancel the purchase at any time. Following joinder of issue, plaintiff moved for partial summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the complaint. Citing the contract's "very clear" unconditional cancellation clause, Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals, contending that Supreme Court erred because defendant's cancellation of the contract violated 11 USC § 365 (e) (1).

Although 11 USC § 365 (e) (1) does preclude the termination of an executory contract *solely* by operation of an ipso facto clause that terminates the contract automatically in the event of bankruptcy (*see, 151 W. Assoc. v Printsiples Fabric Corp.*, 92 AD2d 76, 79, *affd* 61 NY2d 732), the federal courts have interpreted this statute to permit termination pursuant to any other contract clause that is not triggered by the financial condition of a debtor in bankruptcy (*see, Yates Dev., Inc. v Old Kings Interchange, Inc.*, 256 F3d 1285, 1289; *Summit Inv. & Dev. Corp. v Leroux*, 69 F3d 608, 611). Here, defendant ended the contract after plaintiff's bankruptcy filing, but cited the unconditional cancellation clause and its concerns about plaintiff's ability to supply parts following an Internal Revenue Service's levy on its accounts. There was no triggering of an ipso facto clause by plaintiff's bankruptcy. Since the unconditional cancellation clause permitted defendant to end the contract for any reason, Supreme Court correctly concluded that the cancellation was authorized by the parties' contract and did not constitute an actionable breach.

Under these circumstances, the record also fails to support plaintiff's alternate contention that defendant is liable for breach of its separate duty of good faith and fair dealing, which will, in any event, not be construed to effectively nullify other terms of the contract, such as an express right of termination (see, Berzin v W.P. Carey & Co., 293 AD2d 320, 321-322; Delta Props. v Fobare Enters., 251 AD2d 960, 962). Put another way, an allegation of a breach of that obligation may not be substituted for a nonviable breach of contract claim (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 304; Sheth v New York Life Ins. Co., 273 AD2d 72, 73). Thus, we find no error in Supreme Court's rulings.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.