■ ANNA RASMUSSEN, Respondent, v YELLOW RIVER, INC., et al., Appellants. [749 NYS2d 239] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.; Marilyn Dershowitz, Special Referee), entered December 21, 2001, in favor of plaintiff and against the corporate defendant in the amount of $84,849.47, plus interest, costs and disbursements, and in favor of plaintiff's attorney and against the corporate defendant in the amount of $65,327.50, plus interest, and bringing up for review (1) the court's decision after trial that plaintiff had worked for defendant as a commissioned salesperson, (2) an order, same court and Justice, entered on or about July 23, 2001, which confirmed a Special Referee's report that recommended an award of $84,849.47 for earned but unpaid commissions, and referred the issue of any attorneys' fees due plaintiff under the Labor Law to a Special Referee to hear and report, and (3) a Special Referee's order which, upon the parties' stipulation that she hear and determine the issue of plaintiff's attorneys' fees, and a further stipulation fixing plaintiff's attorneys' fees

in the amount of $65,327.50, directed entry of judgment in that amount in favor of plaintiff's attorney, unanimously affirmed, with costs. Appeal from the aforesaid order entered on or about July 23, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The finding that plaintiff was to be paid on a commission basis is supported by a fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495), including, in particular, the check that defendant gave plaintiff in the amount of $22,287.91, undermining defendant's claim that it was a bonus, and that also bore the notation "commission for year 1994-1995." The record also fairly supports the finding as to the amount of the commissions earned by plaintiff before her resignation, although in some instances the purchase price had not yet been paid by the customer (*see Yudell v Israel & Assoc.*, 248 AD2d 189, 190-191). This is true even in the instances where a purchase order had not yet been issued when plaintiff resigned, where the record supports the Special Referee's finding, largely one of credibility (*see Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705), that while customers often would not issue a purchase order until well after the order was "booked" and manufacturing had begun, they could be counted on to make payment before shipment. Similarly, the Special Referee's finding that plaintiff was not required to maintain a 22¹/₂% gross profit margin in order to receive the commissions was one of credibility, and should not be disturbed. The award of reasonable attorneys' fees was properly made pursuant to Labor Law § 198 (1-a). We have considered defendants' other arguments and find them unavailing. Concur—Williams, P.J., Rosenberger, Rubin, Friedman and Gonzalez, JJ.