■ THOMAS ROMAINE, Respondent, v COLONIAL TANNING CORPORATION, Appellant, et al., Defendant. [753 NYS2d 552] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Sise, J.), entered February 6, 2002 in Fulton County, which partially denied defendants' motion to dismiss the complaint, and (2) from an order of said court, entered June 5, 2002 in Fulton County, which denied defendant Colonial Tanning Corporation's motion for summary judgment dismissing the complaint.

In early 1994, defendant William Studenic, the president and apparent sole shareholder of defendant Colonial Tanning Corporation (hereinafter the corporation), discussed with plaintiff, who had worked for the corporation for two years, a proposal in which plaintiff would commit to work for the corporation for at least five more years. In exchange, plaintiff would receive, at the end of five years, 15.25% of the corporation's stock, accumulated at approximately 3% per year, and an option for additional stock for a total of 30%. An affidavit from Studenic's accountant relates that, after learning of the proposal, he advised Studenic not to proceed with it and he recommended to Studenic that, instead of a stock option, the corporation should offer additional cash compensation and benefits to retain plaintiff's services. Plaintiff's compensation package was increased, but he contends that there was also a verbal agreement pertaining to the stock option. While Studenic admits discussing the stock option proposal with plaintiff, he contends that an agreement was never reached.

The relationship between plaintiff and Studenic deteriorated and, in 1999, plaintiff left the corporation. He had completed five years of employment since the alleged verbal stock option contract and, thus, he demanded 30% of the corporation's stock. Defendants refused and this action for breach of contract and fraud against both Studenic, individually, and the corporation ensued. Defendants filed a preanswer motion to dismiss. Supreme Court dismissed the action against Studenic and the fraud cause of action against the corporation, leaving only the breach of contract action against the corporation. After taking plaintiff's deposition upon oral questions, the corporation moved to reargue/renew and for summary judgment dismissing the remainder of the complaint based on its statute of frauds defense. Supreme Court denied the motion for summary judgment and the corporation appeals both orders.

An agreement that cannot be performed within one year is void under the statute of frauds unless it is in writing and subscribed by the party to be charged (*see* General Obligations Law § 5-701; *Coppola v Coppola*, 260 AD2d 774, 775). Oral agreements must be analyzed closely and the statute of frauds does not apply if there is "any possible means of performance within one year" (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 455). If the oral contract is terminable at will, then the statute of frauds is not implicated (*see Cron v Hargro Fabrics*, 91 NY2d 362, 367). However, where the act of terminating the contract is not an option retained by a party but, instead, a breach of the agreement, the statute of frauds applies (*see D & N Boening v Kirsch Beverages*, *supra* at 456).

Here, the complaint[1] alleges that the corporation was obligated by the oral agreement to credit plaintiff with approximately 3% of the corporation's stock for five consecutive years and, at the end of the five years, plaintiff could take possession of the stock or "roll over" the stock for an additional 15%. At his examination before trial, plaintiff testified about the oral agreement in relevant part as follows:

"The terms were [Studenic] wanted five good years, his terminology. By that he wanted me to guarantee I would stay with him for five years, for which I would earn a percentage of that company each year of that five years. At the end of the fifth year, I would have 15 percent ownership in that company.

"At that time I would have the option to taking the value of that 15 percent and running or rolling that over into the company and becoming a 30 percent partner at that point at the end of the fifth year."

Plaintiff stated that his shares accumulated each year, but when asked when he would get the shares, he responded, "There wasn't supposed to be anything up until the end of the fifth year, at which time I had the option."

Plaintiff argues that he was an at-will employee, the employment relationship could have been terminated at any time and, thus, the statute of frauds did not apply. The undisputed facts in the present case, however, established that the purported agreement was for a term of five years and the term was an important aspect of the agreement. If plaintiff had terminated his employment within one year of the alleged inception of the

---

1. In many cases in which the statute of frauds is discussed, the parties do not dispute the existence of an underlying oral agreement. In the current case, the corporation denies an agreement was ever reached and, thus, all terms of the contract are based on plaintiff's allegations.

stock option agreement, he would have breached the "guarantee" to stay for five years and "a breach by definition can never constitute a mode of fully performing an agreement" (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 456, *supra*). Plaintiff could not perform his obligation within one year and, thus, the oral agreement must fail since full performance by both parties generally must be possible within a year to remove the contract from the statute of frauds (*see Cron v Hargro Fabrics*, 91 NY2d 362, *supra*).[2] The oral agreement, as alleged in plaintiff's complaint and explained in his testimony, cannot be performed within one year and, accordingly, is void under the statute of frauds.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order entered February 6, 2002 is affirmed, without costs. Ordered that the order entered June 5, 2002 is modified, on the law, without costs, by reversing so much thereof as denied defendant Colonial Tanning Corporation's motion for summary judgment; motion granted and complaint dismissed; and, as so modified, affirmed.

---

2. Moreover, the corporation could neither fully perform its obligation (of allowing plaintiff the opportunity to become a 30% partner) nor terminate the agreement in the absence of plaintiff's breach (of his promise to do "good" work) within one year. Nor could plaintiff's compensation, which was specifically tied to completing "five good years," become "fixed and earned" during a year (*see Cron v Hargro Fabrics, supra* at 370).