■ BONNIE S. MOON, Respondent, v FRANCIS MOON, Appellant, et al., Defendant. [776 NYS2d 324]—

Spain, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered January 13, 2003 in Columbia County, ordering, inter alia, equitable distribution of marital property, upon a decision of the court.

Plaintiff and defendant Francis Moon (hereinafter defendant) were married in 1974, separated in 2000 and divorced in 2001

after a trial. In 1995 they purchased their marital residence from plaintiff's mother, defendant Frances Goehring, for $150,000 which the parties financed by a bank mortgage in the amount of $100,000. It is undisputed that plaintiff and defendant made an oral promise to pay the $50,000 balance to Goehring in installments over time and made payments through May 2001, although they dispute the nature, terms and enforceability of that agreement.

After a trial, Supreme Court issued a written decision finding, among other things, that the terms of the oral loan agreement included 7% interest on the loan balance and that the loan was not subject to the statute of frauds and is enforceable. The court determined that the loan balance was marital debt, that plaintiff and defendant are each chargeable with half of it, and directed the balance to be paid in full upon sale of the marital residence. The court also determined that because Goehring was not then a party to the action, it lacked the power to order the parties to pay her upon the sale of the marital residence, but stayed enforcement of the yet to be prepared judgment for 30 days to allow Goehring an opportunity to intervene or for either party to seek to add her as a party (*see* CPLR 1013). Thereafter, in a December 2002 order, the court granted Goehring's application to intervene and signed the recently submitted judgment, the title of which reflects that Goehring is a party defendant. Defendant now appeals, and we affirm.

Initially, we find no merit to defendant's contention that Supreme Court erred in determining that the agreement at issue constituted an enforceable loan and not a mortgage, and that it was not barred by the statute of frauds (*see* General Obligations Law § 5-701). Although at trial both Goehring and plaintiff referred to this loan as a "mortgage" and the parties appear to have improperly reported the loan interest they paid to Goehring as "mortgage interest" on joint income tax returns, the record does not support a finding that the financial arrangement between the parties and Goehring was indeed a mortgage, either in law or in equity.

Specifically, "[a] mortgage is an interest in land created by a written instrument providing security for the performance of a duty or the payment of a debt" (Black's Law Dictionary 1009 [6th ed 1990]; *see* 77 NY Jur 2d, Mortgages and Deeds of Trust §§ 1, 2, at 418-421; *see also W.L. Dev. Corp. v Trifort Realty*, 44 NY2d 489, 498 [1978]). Further, "[a]n equitable mortgage has been defined as a transaction that has the intent but not the form of a mortgage and that a court will enforce in equity to the same extent as a mortgage" (77 NY Jur 2d, Mortgages and

Deeds of Trust § 20, at 444-446; *see Sprague v Cochran*, 144 NY 104, 112 [1894]; *New York TRW Tit. Ins. v Wade's Can. Inn & Cocktail Lounge*, 199 AD2d 661, 664 [1993]; *Mailloux v Spuck*, 87 AD2d 736, 737 [1982], *lv denied* 56 NY2d 507 [1982]). Here, no mortgage instrument or written agreement to make a mortgage exists, and no other evidence was presented that Goehring was to hold any interest in the real property as a security for the loan (*see* 77 NY Jur 2d, Mortgages and Deeds of Trust § 2, at 419-420). Rather, the overwhelming evidence supports Supreme Court's determination that this financial arrangement was an unsecured loan and that "there [was] no attempt to enforce or create a mortgage."

Further, Supreme Court credited the testimony of plaintiff and Goehring that they all agreed that the loan payments would be $300 per month at 7% interest, with a balloon payment after 10 years. The court found defendant's testimony lacking in credibility—including his denial that the parties agreed to pay 7% interest—in light of his admission that their joint tax returns reflect a tax deduction for interest paid on the loan at that rate. The court's assessment of the credibility of the witnesses is entitled to great weight and its determination of the terms of the loan and its calculation of the balance owed as of May 15, 2001 will not be disturbed as they are amply supported by the record.

Next, Supreme Court properly rejected defendant's assertion that the oral agreement was unenforceable under the statute of frauds. Of course, an agreement which cannot be performed within one year is void and therefore unenforceable, by its terms, under the statute of frauds unless it is in writing and subscribed by the party to be charged (*see* General Obligations Law § 5-701 [a] [1]; *D & N Boening v Kirsch Beverages*, 63 NY2d 449, 455 [1984]; *Romaine v Colonial Tanning Corp.*, 301 AD2d 732, 733 [2003]). However, if "there might be any possible means of performance within one year . . . the one-year provision" does not apply (*see D & N Boening v Kirsch Beverages, supra* at 455). Here, as determined by Supreme Court, the oral agreement between the parties was devoid of any restriction against prepayment within one year and, as such, the possibility remained of complete performance within one year without breaching the agreement (*see id.*; *Costantini v Bimco Indus.*, 125 AD2d 531, 531 [1986]).

Also unfounded is defendant's contention that Supreme Court erred in allowing Goehring to intervene as a party defendant on the premise that her motion to intervene was untimely and unduly delayed the determination in the main action. Defendant

has not demonstrated that this five-month delay prejudiced him. Moreover, we discern no error in Supreme Court's determination that Goehring's November 2002 motion to intervene was timely; at the time of Goehring's motion to permit intervention, no judgment had been entered on its June 18, 2002 written decision and, therefore, the 30-day time period had not yet begun to run.

We have considered defendant's remaining contentions and find them to be without merit.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.