■ PAUL H. GIZARA et al., Respondents-Appellants, v THE NEW YORK TIMES COMPANY, Appellant-Respondent. [915 NYS2d 379]—

Mercure, J.P. Cross appeals from an order of the Supreme Court (Catena, J.), entered April 1, 2010 in Montgomery County, which partially granted defendant's motion to dismiss the complaint.

Plaintiff Paul H. Gizara is a consultant who, during the relevant time periods, provided sales tax recovery services in his role as president and sole shareholder of plaintiff Gizara Group, Inc. In 1997, Gizara Group entered into a written contract with defendant for the provision of tax recovery services in connection with sales tax that defendant improperly paid on purchases of exempt property. The term of the contract was two years, but it provided that it could be extended upon the agreement of both parties or terminated earlier in writing by either party. Defendant paid plaintiffs approximately $1 million for their services through 2003.

Plaintiffs assert that the parties reached an oral agreement in 2004 wherein plaintiffs agreed to sell their sales tax recovery methodology to defendant for $200,000, and to modify the written contract to provide for additional tax consulting work and compensation. Nevertheless, plaintiffs claim, defendant refused to provide authorization for them to pursue refunds for the 2004 tax year onward, and ultimately notified plaintiffs that their services were no longer needed. Thereafter, plaintiffs commenced this action, alleging causes of action for breach of contract, as well as equitable claims. Supreme Court partially granted defendant's motion to dismiss the complaint, dismissing all claims except the first cause of action for breach of the 1997 written contract and the third cause of action to the extent that it alleged breach

of the written contract as modified in the 2004 oral agreement. Defendant appeals,* and we now affirm.

Initially, we reject defendant's argument that Supreme Court erred in concluding that the complaint states a cause of action for breach of the 1997 contract. On a CPLR 3211 motion to dismiss, "we liberally construe the complaint, . . . accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion[,] . . . [and] accord plaintiffs the benefit of every possible favorable inference" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [citations omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). When the motion is brought under CPLR 3211 (a) (7), "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Leon v Martinez*, 84 NY2d 83, 88 [1994] [internal quotation marks and citations omitted]). Thus, "[t]he motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d at 152 [internal quotation marks and citations omitted]).

Defendant is correct that courts are "duty-bound to adjudicate the parties' rights according to unambiguous provisions [of a contract] and [to] give words and phrases employed their plain meaning" (*Bauersfeld v Board of Educ. of Morrisville-Eaton Cent. School Dist.*, 46 AD3d 1003, 1005 [2007], *lv denied* 10 NY3d 704 [2008] [internal quotation marks and citations omitted]). That duty does not, however, negate the rule that "[i]n New York, all contracts imply a covenant of good faith and fair dealing in the course of performance" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d at 153; *see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). While the covenant does not nullify other terms of the contract (*see Greene Tech. v Atoma Intl. of Am.*, 296 AD2d 695, 696 [2002]; *Burdett Radiology Consultants v Samaritan Hosp.*, 158 AD2d 132, 136 [1990]), it "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (*Dalton v Educational Testing Serv.*, 87 NY2d at 389 [internal quotation marks and citation omitted]; *accord Moran v Erk*, 11

* Although plaintiffs cross-appealed, their cross appeal—taken 86 days after defendant mailed notice of entry of Supreme Court's order to plaintiffs, and 78 days after defendant filed and served its notice of appeal—is untimely and must be dismissed (*see* CPLR 5513 [a], [c]; *O'Connor v Sleasman*, 14 AD3d 986, 987 [2005]).

NY3d 452, 456 [2008]). Here, while the contract provided that refund claims could not be processed "without prior review and FULL authorization, in writing by [defendant]," that provision did not give defendant the right to act arbitrarily or in bad faith when reviewing the refund claims prepared by plaintiffs. As Supreme Court concluded, plaintiffs' complaint adequately stated a cause of action based upon breach of the implied covenant in alleging that defendant directed them to prepare a refund claim for 2005, but submitted its own claim and refused to review or submit the claim prepared by plaintiffs, thereby depriving plaintiffs of the benefits of the contract (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d at 153-154; 1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d 630, 631-632 [2002]; see also Just-Irv Sales v Air-Tite Bus. Ctr., 237 AD2d 793, 794-795 [1997]).

Turning to defendant's argument that the third cause of action for breach of the 2004 oral agreement should have been dismissed under CPLR 3211 (a) (5) as violative of the statute of frauds, General Obligations Law § 5-701 (a) (1) provides that an agreement that "[b]y its terms is not to be performed within one year from the making thereof" must be memorialized in a signed writing. The statute of frauds is not implicated in the case of oral agreements that are terminable at will because such agreements are capable of completion within one year (see D & N Boening v Kirsch Beverages, 63 NY2d 449, 456 [1984]; Romaine v Colonial Tanning Corp., 301 AD2d 732, 733 [2003]). Moreover, when a "contract has been materially modified, the modification establishes a new agreement between the parties which supplants the affected provisions of the underlying agreement while leaving the balance of its provisions unchanged" (Benipal v Herath, 251 AD2d 933, 934 [1998]). Liberally construing the complaint and according plaintiffs the benefit of every possible favorable inference, plaintiffs alleged that the 2004 agreement was an oral modification of the 1997 written agreement that carried forward the provision permitting the parties to terminate the contract at will—a provision that defendant successfully invoked in 2007, as plaintiff concedes. Therefore, Supreme Court properly concluded that the 2004 oral agreement does not violate General Obligations Law § 5-701 (a) (1).

Finally, we agree with Supreme Court that the 2004 agreement is not barred by the statute of frauds as an unwritten agreement to negotiate a business opportunity. General Obligations Law § 5-701 (a) (10) provides that an unsigned or unwritten agreement is void if it "[i]s a contract to pay compensation for services rendered in negotiating . . . a business op-

portunity." The statute defines "negotiating" as including the procurement of "an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction" (General Obligations Law § 5-701 [a] [10]). The statute applies " 'where . . . the intermediary's activity is . . . that of providing "know-how" or "know-who"[ ] in bringing about between principals an enterprise of some complexity or an acquisition of a significant interest in an enterprise' " (*Snyder v Bronfman*, 13 NY3d 504, 510 [2009], quoting *Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 267 [1977]). Plaintiffs were not negotiating a business opportunity for defendant or providing know-how in bringing a business enterprise to fruition; rather, they were providing tax-recovery services—auditing defendant's accounts payable invoices to identify sales tax overpayments and preparing refund claim forms for submission to the Department of Taxation and Finance (*see Super v Abdelazim*, 108 AD2d 1040, 1041-1042 [1985]; *cf. Snyder v Bronfman*, 13 NY3d at 509-510).

The parties' remaining arguments are not properly before us.

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs. Ordered that the cross appeal is dismissed as untimely.