■ JAMES CLIFFORD, Appellant, v REMCO MAINTENANCE, LLC, Respondent, et al., Defendants. [944 NYS2d 249]—

In an action to recover damages for breach of a contract to pay sales commissions, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered December 20, 2010, as granted those branches of the motion of the defendant Remco Maintenance, LLC, which were for summary judgment dismissing the first and third causes of action insofar as asserted against it and for summary judgment on its third counterclaim.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Remco Maintenance, LLC, which were for summary judgment dismissing the third cause of action insofar as asserted against it and for summary judgment on its third counterclaim, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In the first cause of action, the plaintiff sought to recover damages for a violation of Labor Law § 191-c (1). In the third cause of action, the plaintiff sought to recover damages for breach of an alleged oral agreement relating to the payment of certain sales commissions. In the order appealed from, the Supreme Court, inter alia, granted those branches of the motion of the defendant Remco Maintenance, LLC (hereinafter Remco), which were for summary judgment dismissing the first and third causes of action insofar as asserted against it and for summary judgment on the third counterclaim, which sought to recover from the plaintiff certain allegedly unearned sales commissions. The plaintiff appeals, and we modify.

In support of that branch of its motion which was for sum-

mary judgment dismissing the third cause of action, Remco asserted that it had not agreed to pay the plaintiff the sales commissions which the plaintiff alleged that he was owed. However, the documentary evidence submitted by Remco, including the sales analysis spreadsheets, refers to several "commission" payments allegedly received by the plaintiff (*see Rasmussen v Yellow Riv.*, 298 AD2d 322 [2002]). Viewing the evidence in the light most favorable to the nonmoving party (*see Stukas v Streiter*, 83 AD3d 18, 22 [2011]), Remco's submissions failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third cause of action. There exist triable issues of fact regarding the existence of an alleged oral agreement between the parties as to whether the plaintiff was to earn the alleged sales commissions. Since Remco failed to meet its prima facie burden with respect to the third cause of action, the sufficiency of the plaintiff's opposition papers as to that cause of action need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Similarly, because there exist triable issues of fact regarding the existence of an oral agreement regarding the alleged sales commissions, Remco failed to establish its prima facie entitlement to judgment as a matter of law on the third counterclaim to recover allegedly unearned sales commissions from the plaintiff. Since Remco failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers as to the counterclaim.

However, the Supreme Court properly granted that branch of Remco's motion which was for summary judgment dismissing the first cause of action, alleging a violation of Labor Law § 191-c (1) insofar as asserted against it. Labor Law § 191-c (1) is inapplicable to this action because oral agreements are not covered by that statute (*see* Labor Law § 191 [1] [c]; § 191-c [1]; *DeLuca v AccessIT Group, Inc.*, 695 F Supp 2d 54, 61 [2010]; *Gould Paper Corp. v Madisen Corp.*, 614 F Supp 2d 485, 491 [2009]). In opposition to Remco's prima facie showing, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33551(U).]**