◼ KHAMIS ALY, Appellant, v ABOUOUKAL, INC., et al., Respondents. [61 NYS3d 43]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Sproat, J.), dated June 10, 2014, which granted the motion of the defendant Nasser Aly for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court dated January 15, 2015, which granted that branch of the motion of the defendant Nasser Aly which was for summary judgment dismissing the amended complaint insofar as asserted against him, and the separate motion of the defendants Abououkal, Inc., and Refaat Abououkal for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the appeal from the order dated June 10, 2014, is dismissed, as that order was superseded by the order dated January 15, 2015; and it is further,

Ordered that the order dated January 15, 2015, is modified,

on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Nasser Aly and the separate motion of the defendants Abououkal, Inc., and Refaat Abououkal which were for summary judgment dismissing the causes of action to recover damages for breach of contract, fraud, and breach of fiduciary duty in the amended complaint insofar as asserted against each of them and substituting therefor a provision denying those branches of their separate motions; as so modified, the order dated January 15, 2015, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Nasser Aly and the defendants Abououkal, Inc., and Refaat Abououkal appearing separately and filing separate briefs.

The plaintiff, Khamis Aly, alleges that he and the two individual defendants, Refaat Abououkal and Nasser Aly, opened a restaurant together and formed the defendant Abououkal, Inc. (hereinafter the Corporation; hereinafter together with Abououkal, the Abououkal defendants), to run the business. According to the plaintiff, he and the individual defendants orally agreed, in essence, that each of them would contribute to the business and each of them would have an equal share in the Corporation. The plaintiff alleges that although he contributed his share of the costs and ran the kitchen at the restaurant as agreed, Aly and Abououkal did not consult him regarding corporate business, acquired debt to which he did not consent, failed to pay him equally, and eventually shut him out of the business entirely. The plaintiff thereafter commenced this action seeking to recover damages on theories including breach of contract, fraud, and breach of fiduciary duty.

The Supreme Court erred in granting that branch of Aly's motion and the Abououkal defendants' separate motion which was for summary judgment dismissing the causes of action to recover damages for breach of contract, fraud, and breach of fiduciary duty insofar as asserted against each of them. Contrary to the defendants' contention, the parties' submissions establish the existence of an oral agreement to share equally in the Corporation (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist.*, 84 AD3d 1232, 1233-1234 [2011]). The Abououkal defendants' statute of frauds defense is improperly raised for the first time on appeal (*see* CPLR 3211 [e]; *Papell v Calogero*, 68 NY2d 705, 707 [1986]).

Furthermore, the defendants failed to establish prima facie that they did not breach the contract with the plaintiff (*see*

*Fairlane Fin. Corp. v Longspaugh*, 144 AD3d 858, 859 [2016]), did not make fraudulent misrepresentations on which the plaintiff relied to his detriment (*see Prompt Mtge. Providers of N. Am., LLC v Zarour*, 148 AD3d 849 [2017]), and did not breach their fiduciary duty to the plaintiff individually (*see Bibbo v Arvanitakis*, 145 AD3d 657, 660 [2016]; *Gjuraj v Uplift El. Corp.*, 110 AD3d 540 [2013]). The defendants also failed to establish prima facie that the plaintiff suffered no damages because the Corporation was not profitable. Since the defendants failed to sustain their prima facie burden with respect to those causes of action, the sufficiency of the plaintiff's opposing papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Clifford v Remco Maintenance, LLC*, 95 AD3d 923 [2012]). Although the Abououkal defendants additionally contend that they are entitled to summary judgment dismissing these causes of action on the ground that they are time-barred, this contention is improperly raised for the first time on appeal (*see DeLeonardis v Brown*, 15 AD3d 525 [2005]).

The Supreme Court properly directed dismissal of the cause of action seeking dissolution of the Corporation without prejudice to the commencement of a special proceeding in accordance with Business Corporation Law § 1104-a (*see Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63 [1984]; *Matter of Cassata v Brewster-Allen-Wichert, Inc.*, 248 AD2d 710 [1998]). Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.