Can Man Carting, LLC v Spiezio (2018 NY Slip Op 07087)





Can Man Carting, LLC v Spiezio


2018 NY Slip Op 07087


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-02967
 (Index No. 61783/14)

[*1]Can Man Carting, LLC, respondents,
v
Joseph Spiezio, et al., appellants.


Spolzino, Smith, Buss & Jacobs, LLP, Yonkers, NY (Robert A. Spolzino, Jeffrey D. Buss, Michael Mauro, and Ryan Kaupelis of counsel), for appellants.
Judd Burstein, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated March 18, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the second and fourth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action against the defendants alleging, among other things, causes of action to recover damages for breach of contract and unjust enrichment, and to set aside an allegedly fraudulent conveyance pursuant to Debtor and Creditor Law § 273. The plaintiff Andris Kurins is an owner of the plaintiff Can Man Carting, LLC (hereinafter CMC), and the defendant Joseph Spiezio is the sole owner of the defendants Can Man Sanitation, Inc. (hereinafter CMS), and JLS Waste Services of Nevada Corp. (hereinafter JLS).
The plaintiffs alleged that Spiezo, on behalf of JLS, entered into an oral agreement with Kurins and other owners, on behalf of CMC, in early February 2013, whereby CMC would transfer all of its tangible and intangible assets to JLS for $2,350,000, with certain portions of that amount applied toward the satisfaction of CMC's outstanding debts and certain other portions to be paid in installments to CMC and Kurins individually. According to the plaintiffs, Spiezio made no payments to CMC and only made 12 installment payments to Kurins. Further, according to the plaintiffs, Spiezo thereafter transferred, without consideration, the assets that JLS had acquired from CMC to CMS.
The defendants moved, inter alia, for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court denied those branches of the motion which were for summary judgment dismissing the complaint. The defendants appeal.
" [W]hile the ultimate burden of proof at trial will fall upon the plaintiff[s], a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form'" (Katz v Beil, 142 AD3d 957, 964, quoting Collado v Jiacono, 126 AD3d 927, 928; see Vanderhurst v Nobile, 130 AD3d 716, 717). The creation of an enforceable contract requires "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms," but "not all terms of a contract need be fixed with absolute certainty" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589-590). Here, the defendants' submissions, which included deposition testimony, email correspondence, and other evidence, could support the conclusion that an oral agreement was reached between the owners of JLS and JLS to make certain payments to both CMC and Kurins individually. The defendants therefore failed to meet their prima facie burden of establishing the absence of an enforceable oral agreement (see Clifford v Remco Maintenance, LLC, 95 AD3d 923, 923-924; Moon v Moon, 6 AD3d 796, 798). In light of this dispute over the terms of the alleged oral agreement, as evidenced by the defendants' own submissions, it cannot be said as a matter of law that the statute of frauds applies (see Wassner v Bais Yaakov of Brooklyn, 300 AD2d 579, 579), or that there were no possible means of performance within one year (see General Obligations Law § 5-701[a][1]; Moon v Moon, 6 AD3d at 798).
The defendants also failed to submit evidence sufficient to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action to set aside JLS's alleged conveyance to CMS pursuant to Debtor and Creditor Law § 273. The defendants failed to eliminate all triable issues of fact as to whether the alleged conveyance to CMS of the assets and goodwill that JLS purchased from CMC was made without fair consideration (see Madison Hundson Assoc. v Neumann, 4 AD3d 257, 257; Serota v Power House Realty Corp., 274 AD2d 427, 427).
The defendants also failed to establish their prima facie entitlement to judgment as a matter of law on the unjust enrichment causes of action against CMS and Spiezio. " The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 606, quoting Travelsavers Enters. Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006). Here, the defendant's submissions in support of their motion revealed a triable issue of fact as to the authenticity of a purported bill of sale submitted to counter the claim that CMS was unjustly enriched at CMC's expense. Moreover, the defendants' submissions revealed that Kurins may have an equitable lien on CMC's assets. Lastly, the defendants failed to eliminate all triable issues of fact as to whether Spiezio abused the privilege of doing business in the corporate form so as to perpetrate a wrong against the plaintiffs such that the plaintiffs may be entitled to recover from him individually for damages on their unjust enrichment causes of action (see Forum Ins. Co. v Texarkoma Transp. Co., 229 AD2d 341, 342).
Since the defendants failed to meet their prima facie burden on these issues, we need not consider the sufficiency of the plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, that branch of the defendants' motion which was for summary judgment dismissing the second and fourth causes of action, alleging breach of contract against Spiezio under Nevada law based on his ownership of JLS, should have been granted (see Nevada Rev. Stat § 78.597). The only connection this action had with Nevada was JLS's incorporation in that state, and this matter does not involve the internal affairs of JLS " concerning the relationships inter se of the corporation, its directors, officers and shareholders'" (New Greenwich Litig. Trustee, LLC v Citco Fund Servs. [Europe] B.V., 145 AD3d 16, 22, quoting In re Am. Intl. Group Inc., 965 A2d 763, 817 [Del Ch Ct]; see FIA Leveraged Fund Ltd. v Grant Thornton LLP, 150 AD3d 492, 497). Nevada is not the "center of gravity" of this action such that Nevada law would govern the plaintiffs' breach of contract causes of action against Spiezio (Jimenez v Monadnock Const., Inc., 109 AD3d 514, 516). In any event, the provision of Nevada law cited — Nevada Revised Statutes § 78.597 — does not provide a basis for liability. Rather, it provides a defense against liability for a shareholder of [*2]a dissolved corporation who is sued for corporate obligations in excess of his or her pro rata share of the claim or the amount distributed to the shareholder. Accordingly, those branches of the defendants' motion which were for summary judgment dismissing the second and fourth causes of action based upon the Nevada statute should have been granted.
The defendants' remaining contentions are without merit.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court